CARDAMONE, Circuit Judge:
 

 The United States appeals the sentence imposed on Steven Berg in the United States District Court for the Western District of New York (Larimer, C.J.) on April 25, 2000. The sentencing court declined to impose a two-level sentence enhancement on Berg’s sentence for a violation of judicial process under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2Fl.l(b)(4)(B),
 
 [1]
 
 after defendant pleaded guilty to one count of bankruptcy fraud, in violation of 18 U.S.C. § 152(1) (1994
 
 &
 
 Supp.IV 1998).
 

 The district court denied the enhancement on the grounds that the enhancement was contrary to our dicta in
 
 United States v. Carrozzella,
 
 105 F.3d 796 (2d Cir.1997), and that even if not barred by
 
 Carrozzella,
 
 the enhancement was nonetheless unjustified given the lack of evidence of aggravated criminal intent. Using
 
 Carrozzella
 
 as a basis for denying enhancement has since been foreclosed by our intervening decision in
 
 United States v. Kennedy,
 
 233 F.3d 157 (2d Cir.2000). But enhancement of a sentence has heretofore only been held
 
 *141
 
 appropriate in those cases where a debtor either conceals property from the estate’s creditors or makes a misrepresentation that works a fraud on the bankruptcy court. It would be an illusion of reason to impose a sentence enhancement where neither of those circumstances is present. Since they are not present here, we affirm.
 

 BACKGROUND
 

 On January 25, 1996 Independent Tool and Mold, Inc. filed a petition for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Western District of New York. The petition was signed by defendant Steven Berg, as president of the company, and listed assets of $75,790.02 and liabilities of $321,940.99. Schedule B of the bankruptcy petition, which identified the personal property of the debtor corporation, listed a cheeking account with M
 
 &
 
 T Bank having a balance of $17,761.67.
 

 At a hearing on March 7, 1996 Berg confirmed the existence of certain outstanding accounts receivable owed to the debtor and said he would collect them and deposit the proceeds in the M
 
 &
 
 T Bank checking account. He further represented that he would use the money in that account to pay the Internal Revenue Service (IRS), which was an unsecured priority creditor of the debtor company. Berg was told at the hearing that the checking account was the property of the bankruptcy estate, and that he was not entitled to remove funds from it.
 

 During the following year, Berg collected approximately $4,000 of accounts receivable and deposited these proceeds in the M & T Bank account, bringing the total balance to $21,870.83. At the same time, defendant also wrote three separate checks in January and February, drawing $20,900 from the account as follows: to Bradley C. Bennett for $3,900 on January 2 for “mileage, school, clean-up”; to Bradley C. Bennett on February 6 for $15,000; and to Cash on February 21 for $2,000. As a result, the unsecured priority creditors of the bankrupt debtor did not timely receive the full amounts to which they were entitled.
 

 While winding up the case in the late summer of 1997, the bankruptcy trustee attempted to verify that the M & T Bank account had been closed and that the money in the account had been turned over to the IRS. On October 27, 1997 the trustee received a copy of bank statements reflecting the withdrawal of funds by the three checks drawn on the account by Berg. In response to the inquiries from the trustee, Berg returned $8,500 of the $20,900 in missing funds on January 12, 1998. After repeated attempts to retrieve the remaining $12,400 proved fruitless, the trustee referred the matter to the United States Attorney’s office for criminal prosecution.
 

 On December 21,1999 the United States filed a one-count felony information in the District Court for the Western District of New York. The information charged that Berg “did knowingly and fraudulently conceal ... from the bankruptcy trustee monies taken from the bank account belonging to Independent Tool and Mold, Inc., a debtor,” in violation of 18 U.S.C. § 152(1). Section 152(1) provides, in pertinent part, that a person who “knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, ... any property belonging to the estate of a debtor; ... shall be fined under this title, imprisoned not more than 5 years, or both.” 18 U.S.C. § 152(1). Two days later, Berg waived indictment and entered a plea of guilty to this count.
 

 On April 20, 2000 the district court held a hearing to resolve, among other issues, whether a two-level sentence enhancement
 
 *142
 
 should be imposed on defendant for violation of judicial process pursuant to U.S.S.G. § 2Fl.l(b)(4)(B). The government conceded that Berg had violated no specific court order, but insisted that defendant’s concealment of assets amounted to an abuse of the bankruptcy process under the standards adopted by other courts of appeals. Berg countered the government’s contention by asserting that its position ran contrary to dicta in
 
 Carrozzella,
 
 105 F.3d 796. Berg also maintained that he had used the initial $3,900 drawn on the account to move the debtor company’s machinery in order to prevent its disposal by a new landlord who had purchased the building where it was housed. Berg added that he had repaid the remaining $12,400 in missing funds from the checking account prior to the imposition of his sentence.
 

 The district court declined to impose the enhancement for the two reasons already noted. First, it believed the
 
 Carrozzella
 
 decision had expressed “grave doubts” about the application of U.S.S.G. § 2Fl.l(b)(4)(B) to the concealment of assets in bankruptcy. The sentencing judge further stated, second, that even if the provision applied to the concealment of assets
 

 this case is different because it was ... not the case where Mr. Berg had an asset and hid it or otherwise lied, [but instead he] utilized assets that we know should not have been utilized once the petition has been filed because they didn’t belong to him technically because they belonged to the estate ... that was in the process of bankruptcy.
 

 The district court accordingly sentenced Berg to three years of probation, including six months of home confinement, and imposed a fine of $2,000 and a mandatory penalty assessment of $100. The United States now appeals the denial of the two-level enhancement pursuant to U.S.S.G. § 2Fl.l(b)(4)(B).
 

 DISCUSSION
 

 I Standard of Review
 

 On appeal from a sentence, we uphold the sentencing court’s factual findings unless they are clearly erroneous, and review its legal determinations
 
 de novo,
 
 while giving due deference to its application of the Sentencing Guidelines to the facts. 18 U.S.C. § 3742(e) (1994);
 
 United States v. Cassiliano,
 
 137 F.3d 742, 745 (2d Cir.1998);
 
 United States v. Lewis,
 
 93 F.3d 1075, 1079 (2d Cir.1996).
 

 II The
 
 Carrozzella
 
 Dicta
 

 Turning to the merits, the then-applicable version of the Sentencing Guidelines required that a criminal defendant’s offense level be enhanced by two levels “[i]f the offense involved ... violation of any judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines.” U.S.S.G. § 2Fl.l(b)(4)(B) (1995). Section 2F1.1 addresses a number of offenses involving fraud and deceit, and the background commentary indicates that subsection (b)(4)(B) accounts for the “aggravated criminal intent” of a defendant who refuses to “conform[ ] with the requirements of judicial process or orders issued by federal, state, or local administrative agencies.”
 
 Id.
 
 § 2F1.1 Background.
 

 In
 
 Carrozzella,
 
 we intimated that the phrase “violation of any judicial ... process” did not extend to the concealment of assets in bankruptcy. 105 F.3d at 801-02. Our reasoning was that the phrase “violation of process” was aimed at a defendant who disobeys an existing judicial command or warning. We thought that if the Sentencing Guideline was intended to encompass a general “misuse of judicial or administrative proceedings,” such as the
 
 *143
 
 concealment of a debtor’s assets from the bankruptcy court, it would have been more appropriate for the Commission to have used the phrase “abuse of process.”
 
 Id.
 
 at 800. In support of this reading we cited the canon of
 
 ejusdem generis
 
 for the proposition that the term “process” should be construed narrowly to place it within the same class as the preceding terms “order,” “injunction,” and “decree.”
 
 Id.
 
 But, we declined to resolve the issue conclusively since the offense in
 
 Carrozzella
 
 entailed fraud by a probate trustee, and therefore involved an “abuse of trust” separately governed by U.S.S.G. § 3B1.8.
 
 Id.
 

 More recently, in a case that entailed the failure to list assets in a bankruptcy petition, we rejected the discussion set out in
 
 Carrozzella
 
 as dicta, and adopted “the majority view among the circuits that the concealment of assets in a bankruptcy proceeding constitutes a violation of judicial process within the meaning of U.S.S.G. § 2Fl.l(b)(4)(B).”
 
 Kennedy,
 
 233 F.3d at 160. In
 
 Kennedy,
 
 we first noted that the phrase “judicial process” has been used elsewhere both in the Guidelines and in our precedents to refer to “legal proceedings generally,” and that the terms “order,” “injunction,” and “decree” are better read as “illustrative but not limiting subsets of judicial process.”
 
 Id.
 
 at 161. We then ruled that reading the provision to encompass violations of the bankruptcy process comported with the provision’s primary purpose
 

 “[Tjhis view ... recognizes the importance of protecting the integrity of the bankruptcy system. Bankruptcy fraud undermines the whole concept of allowing a debtor to obtain protection from creditors, pay debts in accord with the debtor’s ability, and thereby obtain a fresh start. When a debtor frustrates those objectives by concealing the very property which is to be utilized to achieve that purpose,
 
 the debtor works a fraud on the entirety of the proceeding.
 
 By obtaining protection from creditors and, at the same time, denying them ... their lawful and equitable due, a debtor violates the spirit as well as the purpose of bankruptcy. This artifice strongly supports increasing the perpetrator’s sentence for committing fraud upon the very source of his financial refuge and salvation.”
 

 Id.
 
 at 162 (quoting
 
 United States v. Messner,
 
 107 F.3d 1448, 1467 (10th Cir.1997)). Finally, we reasoned that “no other provision in the Guidelines directly addresses the ‘aggravated criminal intent’ associated with bankruptcy fraud in contrast to ordinary garden variety frauds.”
 
 Id.
 
 at 163. In light of the low offense level applicable to bankruptcy fraud relative to the comparable crimes of perjury and obstruction of justice, we concluded that the enhancement should also apply to bankruptcy fraud as a matter of equity.
 
 Id.
 

 In light of
 
 Kennedy, Carrozzella
 
 no longer provides a viable analysis for denying an enhancement for violation of judicial process, pursuant to U.S.S.G. § 2Fl.l(b)(4)(B), to a defendant convicted of concealing assets in bankruptcy. For that reason, the district court’s denial of the enhancement may not be affirmed on this ground.
 

 Ill Aggravated Criminal Intent
 

 We therefore turn to the district court’s second reason for denying the enhancement for violation of judicial process, namely, the lack of evidence that Berg acted with aggravated criminal intent. In approaching this question, it is helpful to examine the general contexts where the courts have imposed the enhancement.
 

 A.
 
 Disobedience of a Court or Agency Order
 

 An enhancement for violation of judicial process is appropriate where a de
 
 *144
 
 fendant’s offense involves the violation of a specific order or directive from a court or agency — as opposed to a defendant’s failure to follow a general set of instructions — whether within the bankruptcy context,
 
 e.g., United States v. Rowe,
 
 202 F.3d 37, 43 (1st Cir.2000), or in other judicial or administrative contexts,
 
 e.g., United States v. Austin,
 
 54 F.3d 394, 403 (7th Cir.1995) (FTC injunction). The reason for applying the enhancement to this form of misconduct is because the defendant, by disobeying the particular order or directive, evidences the “aggravated criminal intent” that the enhancement was designed to punish.
 
 Carrozzella,
 
 105 F.3d at 800 (quoting U.S.S.G. § 2F1.1 Background);
 
 see also United States v. Spencer,
 
 129 F.3d 246, 252-53 (2d Cir.1997).
 

 B.False Statement in Bankruptcy Court
 

 Most courts also agree that the enhancement is appropriate where a defendant makes a false statement or misrepresentation during bankruptcy proceedings with respect to the existence or nature of the debtor’s assets, to shield the assets from creditors.
 
 Kennedy,
 
 233 F.3d at 160. As explained above, the rationale in these cases is that the defendant works a fraud on the bankruptcy process by seeking the court’s protection to discharge his outstanding liabilities, and then evade collection by misrepresenting the debtor’s assets which the creditor is entitled to reach.
 
 Id.
 
 at 162;
 
 Kubick,
 
 205 F.3d at 1123-24. Plainly, that sort of bankruptcy fraud evidences the aggravated criminal intent justifying the enhancement.
 
 Kennedy,
 
 233 F.3d at 163;
 
 Kubick,
 
 205 F.3d at 1124.
 

 C.Other Contexts
 

 The Fifth, Seventh, and Eleventh Circuits have carried these approaches significantly further by holding that a defendant’s simple concealment of assets in bankruptcy also violates a judicial “order” as that term is used in U.S.S.G. § 2Fl.l(b)(4)(B).
 
 See generally Kennedy,
 
 233 F.3d at 161-62 n. 5 (collecting circuit decisions). These decisions rely on the rationale that such conduct violates the automatic bankruptcy stay, as well as the mandates set forth in the bankruptcy rules and forms.
 
 Id.
 
 We, along with the First Circuit, have rejected this inclusive approach, instead viewing the term “order” to “ ‘contemplate[ ] only a specific order ... entered pursuant to [administrative or] judicial direction.’ ”
 
 Id.
 
 at 162 n. 5 (quoting
 
 United States v. Shadduck,
 
 112 F.3d 523, 529 (1st Cir.1997)). As the First Circuit explained, “[t]he focus upon heightened criminal intent means that in the case of bankruptcy fraud, the enhancement [should] not apply automatically whenever someone fails to follow a general set of instructions in a bankruptcy rule or form.”
 
 Rowe,
 
 202 F.3d at 43.
 

 D.Recent Amendment
 

 The Sentencing Commission essentially codified this Circuit’s approach by amending the Guidelines, effective November 1, 2000, to require a two-level enhancement “[i]f the offense involved ... (B) a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding; or (C) a violation of any prior, specific judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines.” U.S.S.G. § 2F1 .1(b)(4) (2000). The commentary states, “This amendment creates a separate and distinct basis for a two-level enhancement under the fraud guideline for a misrepresentation or false statement made in the course of a bankruptcy proceeding.” U.S.S.G., Supplement to Appendix C, Amendment 597 (2000);
 
 see also Kennedy,
 
 233 F.3d at 162-63 n. 6.
 

 
 *145
 
 E.
 
 Application
 

 The present case fails to fit comfortably within either of the two general categories of wrongs recognized by this Circuit as ordinarily leading to a sentence enhancement. As the government conceded before the district court, Berg disobeyed no specific order of the bankruptcy court or of any other court or agency. There is also no evidence in the record that Berg made a false statement or misrepresentation as to the existence or nature of the M & T Bank account or of the accounts receivable whose funds he deposited in the account. Quite the contrary. In fact, the trial court found Berg had neither hidden the corporation’s assets nor lied; rather, he had utilized assets he had no authority to use. The government does not contest these factual findings as clearly erroneous. Thus, we leave them untouched.
 

 However, the only circuit decision addressing analogous facts — so far as we are aware — is also the only circuit decision adopting the minority rule that the concealment of assets in bankruptcy is not, without more, a violation of judicial process that would invoke the § 2Fl.l(b)(4)(B) enhancement.
 
 See United States v. Thayer,
 
 201 F.3d 214, 217-18, 221, 227-28 (3d Cir.1999) (defendant diverted funds from debtor corporation’s account to pay for personal condominium, thereby permitting inference that he had attempted to hide debtor’s assets),
 
 cert. denied,
 
 530 U.S. 1244, 120 S.Ct. 2691, 147 L.Ed.2d 963 (2000).
 

 On the facts of the instant case, we agree with the district court that the evidence of aggravated criminal intent was insufficient to warrant imposition of an enhancement for violation of judicial process pursuant to U.S.S.G. § 2Fl.l(b)(4)(B). Although
 
 Kennedy
 
 suggested that aggravated intent inheres in “the nature of bankruptcy fraud,”
 
 Kennedy
 
 made that statement in the context of comparing bankruptcy fraud to perjury and obstruction of justice.
 
 Id.
 
 at 163. The instant offense, which involves neither the hiding of assets nor the making of false statements, is plainly not comparable to either of those crimes.
 

 A number of decisions from other circuits have also implied in dicta that the enhancement should apply to every sentence for the concealment of bankruptcy assets, given that the crime entails the element of fraudulent intent, but those decisions generally addressed defendants who had intentionally omitted to list assets on the initial bankruptcy petition.
 
 See, e.g., Kubick,
 
 205 F.3d at 1121, 1124.
 

 In short, there is no reason to believe that those courts anticipated the unusual situation we now have before us,
 
 i.e.,
 
 a defendant who (i) accurately disclosed the existence of assets, (ii) subsequently misused them, but (in) scrupulously disclosed the misuse. The record does not indicate how Berg used the funds, aside from the designation “mileage, school, clean-up” on the first check, as well as Berg’s own assertion that he used the funds drawn on that check to protect the debtor company’s machinery from disposal. Thus, the primary evidence of Berg’s culpability lies in his failures to deliver the funds to the IRS as promised and then to return the funds promptly when requested by the trustee, although even here the record does not indicate whether the failure to return funds was due to reasons beyond his control. Moreover, because Berg had accurately disclosed the existence of those assets on the initial bankruptcy petition, discovery of the offense was facilitated and any harm to the bankruptcy process and the creditors was mitigated. Although these facts may suffice to support a conviction for the concealment of assets
 
 *146
 
 in bankruptcy,
 
 see United States v. Klupt,
 
 475 F.2d 1015, 1018 (2d Cir.1973);
 
 United States v. Wodiska,
 
 147 F.2d 38, 39 (2d Cir.1945), we agree with the district court that they do not evidence an aggravated criminal intent warranting the two-level enhancement for violation of judicial process.
 

 CONCLUSION
 

 Accordingly, for the reasons set forth above, the sentence imposed by the district court is hereby affirmed.
 

 [1]
 

 . This provision was listed as U.S.S.G. § 2F 1.1 (b)(3)(B) in the version of the Guidelines in effect at the time of Berg's offense conduct, but the provision was moved to U.S.S.G. § 2F1.1(b)(4)(B) effective November 1, 1998. For the sake of convenience, we follow the district court and the parties in using the latter numbering.