84

UNITED STATES of America,
Appellee,

v.

Wilson VILLANUEVA, aka Eco, James Heard, aka Killer James, Alex Bonilla, aka Omen, David Diaz, aka Orejas, aka Tito, Nathan Jones, aka Jay, Defendants,

Eladio Padilla, aka Caco,
Defendant–Appellant.

Docket No. 00–1658.

United States Court of Appeals,
Second Circuit.

July 11, 2001.

Bobbi C. Sternheim, Esq., New York, NY, for appellant.

I. Bennet Capers, Assistant United States Attorney; Mary Jo White, Unites States Attorney for the Southern District of New York and Christine H. Chung, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present WALKER, Chief Judge, CABRANES, and STRAUB, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of

said district court be and it hereby is AFFIRMED.

Defendant-appellant Eladio Padilla, also known as "Caco", appeals from a judgment of conviction entered on August 30, 2000, in the United States District Court for the Southern District of New York (Denny Chin, *J.*), following his guilty plea before the Honorable Frank Maas, United States Magistrate Judge. On appeal Padilla argues that the district court (1) erred in its application of United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") § 5G1.3 and (2) applied the wrong version of the Sentencing Guidelines.

On April 24, 2000, Padilla pled guilty, pursuant to a plea agreement, to five counts of a twenty-one count superseding indictment including three counts of conspiracy to murder and one count of attempted murder, in violation of 18 U.S.C. § 1959(a)(5); and the use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). The indictment also charged Padilla with conspiring to contribute 50 grams or more of cocaine base, in a form more commonly known as crack cocaine, in violation of 21 U.S.C. § 846, and maintaining a place for the purpose of distributing narcotics in violation of 21 U.S.C. § 856. The plea agreement did not include, and Padilla did not plead guilty to, the drug-related charges.

Padilla was a co-leader of Caco's Boys, a violent drug organization which distributed crack cocaine in the Bronx, New York between 1993 and 1995. At the sentencing hearing, Padilla admitted that he (1) participated in the murder and dismemberment of a rival drug dealer; (2) paid a hit man to murder the rival drug dealer's son, which resulted in the death of an innocent bystander and not the intended target; (3) participated in the attempted murder of a rival gang member; and (4) shot a neighborhood teenager, who Padillo believed stole some drugs from the Caco's Boys' "drug spot."

On August 17, 2000, after accepting Judge Maas' recommendation that Padilla's plea be accepted, Judge Chin sentenced Padilla to, *inter alia*, 540 months' imprisonment, to be served consecutively to a state sentence of four-and-a-half to nine years' imprisonment for a narcotics conviction, which Padilla was serving at the time of the sentencing.

"On appeal from a sentence, we uphold the sentencing court's factual findings unless they are clearly erroneous, and review its legal determinations de novo, while giving due deference to its application of the Sentencing Guidelines to the facts." *United States v. Berg*, 250 F.3d 139, 142 (2d Cir.2001) (*RJC*, JMcL, DJ).

■ On appeal, Padilla argues that the district court erred in making his federal sentence consecutive and not concurrent to his state sentence. Section 5G1.3 of the Sentencing Guidelines governs where a defendant being sentenced is already subject to an undischarged term of imprisonment pursuant to another proceeding. If "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b). Padilla argues that it is unclear from the record whether the conduct relating to his state narcotics conviction was fully taken into account by the district court in arriving at his sentence. Our review of the record indicates that Padilla's state court conviction was not taken into account in the determination of his federal sentence; section 5G1.3(b) is therefore inapplicable. The plea agreement demonstrates that Padilla's narcotics conviction was considered in determining

his Criminal History Category, not as a factor used to determine his base offense level as section 5G1.3(b) requires. *See* U.S.S.G. § 4A1.2(a)(1); *United States v. Garcia–Hernandez,* 237 F.3d 105, 108–09 (2d Cir.2000) (RJC, *GC,* DJ).

█ Section 5G1.3(c) provides that "[i]n any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). This section affords the district court significant discretion. In view of the heinousness of the crimes to which Padilla pled guilty, we find that the district court did not abuse its discretion in making the federal term consecutive to the state term of imprisonment.

█ Padilla also argues that the district court erred in applying the United States Sentence Guidelines, effective as of November 1, 1998, in effect at the time of the plea agreement instead of an earlier version of the Guidelines in effect at the time of the commission of the crimes. The plea agreement indicates that for the purposes of calculating his Guideline range, the Sentencing Guidelines in effect on November 1, 1998 governed. Accordingly, we reject this argument, raised for the first time on appeal, as waived by the plea agreement. *See, e.g., United States v. Brown,* 232 F.3d 44, 48 (2d Cir.2000).

We have considered Padilla's remaining arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.