**Joseph THOM, aka "Shaka",**
**Defendant–Appellant.**

**Docket No. 00–1510.**

United States Court of Appeals,
Second Circuit.

Argued May 22, 2001.

Decided Nov. 1, 2001.

**UNITED STATES of America,**
**Appellee,**

**v.**

**Qumar DENNIS, Milisa Mitchell, aka "Milisa A. Mitchell", Defendants,**

Alexei Marc Schacht, (Nalven & Schacht, Paul R. Nalven on the brief), Astoria, NY, for Appellant.

Kelly T. Currie, Assistant United States Attorney, (Loretta E. Lynch, United States Attorney for the Eastern District of New York, and David C. James, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Before: WALKER, Chief Judge, JACOBS, Circuit Judge, LARIMER, Chief District Judge.*

PER CURIAM.

Defendant-appellant Joseph Thom appeals from the July 5, 2000 judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *District Judge*), following a jury trial, convicting him of conspiracy to import five kilograms or more of cocaine in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B), and 963 and importation of 500 grams or more of cocaine in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(B). Thom was sentenced to 168 months' imprisonment, five years of supervised release, and a $200 special assessment. We write briefly to address the issue of whether a jury's response to special interrogatories concerning drug quantities affects the district court's discretion in imposing sentence, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Thom was indicted for one count of conspiracy to import five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B), and one count of importing 500 or more grams of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(B), as well as one count each of conspiracy to possess with intent to dis-

---

* The Honorable David G. Larimer, Chief Judge of the District Court for the Western District of New York, sitting by designation.

tribute cocaine and attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(B)(ii)(II), and 846.

During the trial, one of Thom's co-defendants testified that she had acted as a courier for Thom and his partner, importing approximately one-and-a-half kilograms of cocaine, and further, that she had recruited five other couriers for Thom and his partner, all of whom had imported similar amounts of cocaine. At the government's request, and without objection from the defense, the jury was given special interrogatories that queried, *inter alia*, (1) whether the government had proved that the alleged conspiracy to import involved quantities of 500 grams or more of cocaine and (2) whether the government had proved that the alleged conspiracy to import involved quantities of five kilograms or more of cocaine. The jury deadlocked with respect to the conspiracy and substantive counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841, but found him guilty of the importation charges. On the special interrogatories, the jury voted unanimously that the government had proved a conspiracy to import 500 grams or more of cocaine, but only three jurors found that the government had proved a conspiracy to import five kilograms or more of cocaine.

In sentencing Thom to 168 months' imprisonment, the district court adopted the Pre-sentence Report's recommendation to sentence Thom based on a quantity of five or more kilograms. The government requested a four-level enhancement on the ground that Thom had acted as an organizer or leader of criminal activity involving five or more people. *See* U.S. Sentencing Guidelines Manual § 3B1.1(a) (1998). The district court instead found that Thom's role had been that of a supervisor or manager of criminal activity involving five or more people, warranting only a three-level enhancement. *See id.* at § 3B1.1(b).

On appeal Thom argues that (1) the special interrogatories given to the jury were confusing and, therefore, warrant a grant of a new trial; (2) the imposition of a sentence based on a quantity of five or more kilograms of cocaine, in disregard of the jury's answers to the special interrogatories, violated the principles set forth in *Apprendi;* and (3) the three-level enhancement imposed for defendant's role as a manager or supervisor of five or more people also violated *Apprendi* because that issue was not submitted to the jury. We find that all of these claims lack merit.

■ Thom contends that the use of special interrogatories without explaining their purpose to the jury was confusing, as evidenced by the jury's deadlock on two of the counts. The defendant did not object to the use of the special interrogatories and even acknowledged that the jury's finding would simply be "an advisory" one because the determination of quantity was for the court. Thus we review the district court's actions for plain error. *See United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We find no error.

■ We have previously upheld the use of special interrogatories on drug quantities, which, although not necessary for conviction, may be used to aid the court in sentencing. *See United States v. Jacobo,* 934 F.2d 411, 416–17 (2d Cir.1991); *United States v. Campuzano,* 905 F.2d 677, 678 n. 1 (2d Cir.1990). In the instant case, moreover, there was nothing confusing about the jury instructions or the verdict form, and the jury's differing decisions on the various counts indicates that they were able to follow the court's instructions and were not confused.

We also reject defendant's attempt to bring the district court's sentencing decisions within the purview of *Apprendi*, which held that any fact other than a prior conviction that increases the penalty for a crime beyond the otherwise applicable statutory maximum must be proved to a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. Prior to *Apprendi*, it was well settled that the district court was not bound by the jury's findings on special interrogatories concerning drug quantity. *See Jacobo*, 934 F.2d at 416; *see also Edwards v. United States*, 523 U.S. 511, 513–14, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998) (holding that it is the sentencing judge's province to determine drug quantities for sentencing purposes, irrespective of the jury's beliefs about the conspiracy); *United States v. Shonubi*, 998 F.2d 84, 89 (2d Cir.1993) (holding that the district court is not bound by the jury's findings of drug quantity for sentencing purposes). We also reconfirmed the rule that facts used for sentencing need only be proved by a preponderance of the evidence. *See Jacobo*, 934 F.2d at 418.

■■■ *Apprendi* has no applicability here. The statutory maximum provided for those convicted of conspiracy to import and for importation of *any* detectable quantity of cocaine is 240 months. *See* 21 U.S.C. § 960(b)(3). Although the jury was queried concerning drug quantity, its finding had no practical impact on Thom since his sentence of 168 months was well below the sentence he could have received with no finding of drug quantity whatsoever. *See United States v. Breen*, 243 F.3d 591, 599 (2d Cir.2001). Accordingly, despite the jury's failure here to find beyond a reasonable doubt that the conspiracy involved a quantity of five or more kilograms, the district court was authorized—based on the applicable guidelines and the district court's own findings as to quantity by a preponderance of the evidence—to impose a sentence of 168 months' imprisonment on Thom, a term shorter than the twenty-year statutory maximum penalty that applies for importation or conspiracy to import any detectable quantity of cocaine. *See* 21 U.S.C. § 960(b)(3). *See also United States v. Garcia*, 240 F.3d 180, 183 (2d Cir.2001) (holding that *Apprendi* has not affected the district court's authority to determine facts for sentencing at or below the statutory maximum); *United States v. White*, 240 F.3d 127, 136 (2d Cir.2001) (holding that *Apprendi* applies only when the sentence imposed exceeds the statutory maximum). For the same reasons, we reject Thom's argument that his sentence was improperly enhanced for his role as a supervisor or manager because that issue was not put before the jury.

Although we affirm the defendant's conviction and sentence, we note that the July 11, 2000 judgment of conviction incorrectly stated that Thom was convicted for importing 500 grams or more of cocaine pursuant to 21 U.S.C. § 960(b)(1)(B), rather than 21 U.S.C. § 960(b)(2)(B). Accordingly, we vacate and remand that portion of the judgment solely to enable the district court to correct the error in the judgment.

## CONCLUSION

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED IN PART, VACATED AND REMANDED IN PART.