**UNITED STATES of America,**
**Appellee,**

v.

**Wayne WHYTE, Defendant–Appellant.**

**Docket No. 01–1475.**

United States Court of Appeals,
Second Circuit.

July 16, 2002.

Appeal from a judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, Judge).

Jeremiah Donovan, Old Saybrook, CT, for appellant.

Jeffrey A. Meyer, Assistant United States Attorney (John A. Danaher, III, United States Attorney; Michael J. Teter, Law Student Intern, on the brief pursuant to 2nd Cir. R. 46(e)), United States Attorney's Office for the District of Connecticut, New Haven, CT, for appellee.

Present CABRANES, STRAUB and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED in part and the judgment of the District Court be and hereby is AFFIRMED.

■ Wayne Whyte appeals from a judgment entered on August 16, 2001, convicting him upon his plea of guilty of one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C § 846. Whyte filed his notice of appeal on August 28, 2001.[1] He contends that the District Court erred in applying a four-point enhancement to his offense level for a leadership role pursuant to U.S.S.G. § 3B1.1(a) because the facts do not support such an · enhancement and because Whyte's leadership role was not alleged in the indictment and was not either admitted in a plea proceeding or found by a jury to have been proven beyond a reasonable doubt, which Whyte believes is required pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Whyte also asserts that the District Court abused its discretion in declining to depart downwardly in sentencing based on a combination of factors that took his case out of the heartland of similar violations, including Whyte's purported extraordinary family responsibilities, alien status, and cultural view of marijuana as a native Jamaican.

The Government argues that the District Court did not abuse its discretion in applying a four-point enhancement to Whyte's offense level for his role as an organizer pursuant to U.S.S.G. § 3B1.1(a) based on "undisputed facts showing defendant's control over hundreds of kilograms of marijuana shipped from California and its subsequent redistribution to other persons for resale in Connecticut." Gov't's Br. at 8. The Government further points out that Whyte's *Apprendi* challenge should be dismissed because, in his plea agreement, Whyte expressly waived his right to raise such objection to the District Court's sentencing findings. Alternatively, the Government contends that Whyte's failure to raise an *Apprendi* challenge to the organizer role adjustment before the District Court renders his claim reviewable only for plain error. On that point, the Government asserts that "[b]ecause it was not error at all, much less plain error, for the district court to make factual findings affecting the defendant's sentence within the statutory maximum range, the defendant's *Apprendi* challenge should be rejected on its merits." *Id.* Finally, the Government argues that Whyte's challenge to the District Court's decision not to grant a downward departure should be dismissed, because the District Court did not misunderstand its authority to grant a departure.

In reviewing an "appeal from a sentence, we uphold the sentencing court's factual findings unless they are clearly erroneous, and review its legal determinations *de novo,* while giving due deference to its application of the Sentencing Guidelines to the facts. *United States v. Berg,* 250 F.3d 139, 142 (2d Cir.2001) (citing 18 U.S.C. § 3742(e)). "[W]e will not overturn a sentencing court's application of the Guidelines to the facts before it absent an

---

1. Although White's notice of appeal was filed one day late, *see* Fed. R.App. P. 4(b)(1)(A)(i) (stating that a criminal defendant must file a notice of appeal within ten days after judgment has been entered against him), it was filed within the additional thirty-day period for requesting an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(b)(4) and, therefore, qualified for treatment as a request for an extension of time to file a notice of appeal, *see*

*United States v. Batista,* 22 F.3d 492, 493 (2d Cir.1994) *(per curiam).* Upon finding "excusable neglect," *see* Fed. R.App. P. 4(b)(4), the District Court granted Whyte's motion to extend the time within which to have filed this appeal. *See United States v. Whyte,* No. 3:99cr147 (D.Conn. May 10, 2002) (order granting motion to extend time within which to appeal). Thus, we have jurisdiction to decide this appeal, as it is properly before us.

abuse of discretion." *United States v. Kim*, 193 F.3d 567, 575 (2d Cir.1999).

■ Section 3B1.1(a) of the United States Sentencing Guidelines requires the sentencing court to increase an offense level by four points "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). In determining whether a defendant's role warrants such an increase, a district court should consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, cmt. n. 4.

In the instant case, the District Court did not abuse its discretion in concluding that Whyte was an "organizer" of the conspiracy to possess and distribute marijuana. Ample evidence was adduced in the Presentence Report and spread upon the record of the sentencing hearing upon which the District Court relied in imposing the four-point enhancement to Whyte's offense level for his role as an "organizer" pursuant to U.S.S.G. § 3B1.1(a). Whyte personally sold large quantities of marijuana; arranged for the delivery of hundreds of kilograms of marijuana in small shipments from California to Connecticut; regularly monitored the status of these packages during shipment; recruited other persons to accept and sign for delivery of the packages; collected large quantities of the drugs for resale once they arrived safely in Connecticut; and sold marijuana to a network of individuals who resold and distributed it. *See United States v. Beaulieau*, 959 F.2d 375, 380 (2d Cir.1992) (upholding a district court finding that a defendant was an "organizer" of the offense where defendant supplied cocaine for resale, made trips to New York to purchase cocaine, determined the amount of cocaine available for resale, and weighed, packaged, and set the price for the cocaine).

Whyte concedes that the criminal activity involved five or more participants, Appellant's Br. at 6, but disputes his organizational role with respect to these individuals. However, as the Government observes and the record amply supports, Whyte "decided who would receive the packages of marijuana and to whom he would sell the drugs. He determined when to contact his source in California and request more marijuana, what amount to have sent, and where it should be delivered.... [H]e determined how much to charge his customers." Gov't's Br. at 12; *see also Beaulieau*, 959 F.2d at 380. Co-conspirators called Whyte on a consistent basis to request quantities of marijuana—requests that were met only if Whyte chose to contact his source and only when Whyte notified the buyers that the marijuana had arrived and of the terms of pick up. As the District Court summarized, "Whyte ... organized a selling factory here. He [was] the one who arranged for the marijuana to come to Connecticut. He [was] the one who arranged for various persons to receive the delivery, and he [was] the one who ... then distributed the marijuana to persons who [were] buying from him." U.S. Dist. Ct. Sentencing Tr. at 43.

■ After review for "plain error," *see United States v. Miller*, 263 F.3d 1, 4 (2d Cir.2001) (*per curiam*), we reject Whyte's *Apprendi* claim on the merits,[2] which is

2. In these circumstances, where Whyte's *Ap-* *prendi* claim may be disposed of swiftly on the

raised for the first time on appeal. We have held that *Apprendi* does not apply to the factual findings of a sentencing court in support of a Sentencing Guidelines adjustment that does not result in a sentence exceeding the statutory maximum sentence that could be lawfully imposed in the absence of such factual findings. *See United States v. Norris*, 281 F.3d 357, 361 (2d Cir.2002) (*Apprendi* is not applicable to ordinary Sentencing Guidelines adjustments); *United States v. Dennis*, 271 F.3d 71, 74 (2d Cir.2001) (rejecting *Apprendi* challenge to supervisor/manager role enhancement, which did not raise sentence beyond the otherwise applicable statutory maximum); *United States v. Garcia*, 240 F.3d 180, 183 (2d Cir.2001) (holding that *Apprendi* has not affected the district court's authority to determine facts for sentencing at or below the statutory maximum); *United States v. White*, 240 F.3d 127, 136 (2d Cir.2001) (holding that *Apprendi* does not apply to factual findings relied upon by the court for sentencing enhancements that do not result in a sentence that exceeds the statutory maximum). Accordingly, the District Court did not commit plain error in imposing a four-point enhancement, based on its own factual findings, to Whyte's offense level for his role as an "organizer" in the marijuana conspiracy pursuant to U.S.S.G. § 3B1.1(a), where Whyte's sentence of 108 months of imprisonment did not exceed the statutory maximum of forty years for his crime, *see* 21 U.S.C. § 846; 21 U.S.C. § 841(b)(1)(B)(vii).

■ Finally, we dismiss Whyte's challenge to the District Court's decision not to grant a downward departure. "A district court's decision not to depart down-

ward from the sentencing guidelines is within the court's discretion and generally unreviewable on appeal." *United States v. Miller*, 263 F.3d 1, 3–4 (2d Cir.2001) *(per curiam)*. "The only exceptions to this rule are ... where the defendant shows that a violation of law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart." *United States v. Kalust*, 249 F.3d 106, 110 (2d Cir.2001) (internal quotation marks omitted). None of these exceptions are present in the instant case. The District Court's awareness of its authority to depart downwardly when a combination of factors taken together place a case outside of the heartland covered by the Sentencing Guidelines is evinced by the discussion at the sentencing hearing of *United States v. Rioux*, 97 F.3d 648 (2d Cir.1998) (stating that a "district court may downwardly depart when a number of factors that, when considered individually, would not permit a downward departure, combine to create a situation that 'differs significantly from the 'heartland' cases covered by the guidelines.'" (quoting U.S.S.G. § 5K2.0 cmt).

For the reasons set forth above, the appeal is DISMISSED in part, with respect to the claim that the District Court abused its discretion in declining to grant a downward departure, and the judgment of the District Court is hereby AFFIRMED.

merits, we refrain from addressing the Government's argument that, in his plea agreement, Whyte expressly waived his right to raise an *Apprendi* challenge to the District Court's sentencing findings in imposing the "organizer" adjustment pursuant to U.S.S.G. § 3B1.1(a).