**UNITED STATES of America,**
**Appellee,**

v.

**Brian JENKINS, Defendant–Appellant.**

**No. 02–1639.**

United States Court of Appeals,
Second Circuit.

July 7, 2003.

George F. Hildebrandt, Syracuse, New York, for Defendant–Appellant.

Edward R. Broton, Assistant United States Attorney, Northern District of New York, Albany, New York (Glenn T. Suddaby, United States Attorney for the Northern District of New York), for Appellee.

Present: HLEVAL, RAGGI, Circuit Judges, and SCULLIN, Jr.,[1] District Judge.

### SUMMARY ORDER

Brian Jenkins, who pleaded guilty to a one-count information charging him with the substantive crime of mail fraud, *see* 18 U.S.C. § 1341, appeals from a judgment of conviction sentencing him to 30–months' incarceration. Jenkins challenges the calculation of his guideline range, submitting that the district court erred in refusing to reduce his base offense level as provided by Application Note 13 to U.S.S.G. § 2B1.1 and U.S.S.G. § 2X1.1.

In considering Jenkins's sentencing challenge, we review the district court's findings of fact for clear error and its legal determinations *de novo*, "giving due deference to its application of the Sentencing Guidelines to the facts." *United States v. Downing*, 297 F.3d 52, 60 (2d Cir.2002); *United States v. Berg*, 250 F.3d 139, 142 (2d Cir.2001).

Jenkins's fraud involved a scheme to sell counterfeit $100 Australian gold coins and counterfeit one-ounce Viet Nam gold bars, representing them to be genuine. U.S.S.G. § 2B1.1, the guideline applicable to basic property crimes, including fraud and counterfeiting, provides for a base offense level of six, which in Jenkins's case was then increased six levels in light of the parties' stipulation that the intended loss was more than $30,000 but less than $70,000. *See* U.S.S.G. § 2B1.1(b)(1); *see also* U.S.S.G. § 2B1.1, cmt. n. 2(A) (stating general rule that "loss is the greater of actual or intended loss"). The district court awarded Jenkins a two-level reduction in recognition of his acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), but it rejected the argument that he was entitled to a further reduction because his fraud was only a partially completed offense. *See* U.S.S.G. § 2B1.1, cmt. n. 13. Concluding that Jenkins's total offense level was ten and his criminal history category VI, the court determined that his

---

1. The Honorable Frederick J. Scullin, United States District Judge for the Northern District of New York, sitting by designation.

guideline range provided for 24–30 months' incarceration. Characterizing defendant's criminal history as "one of the most severe ... that I've had come before me," the court chose to impose sentence at the high end of this range.

Application Note 13 to U.S.S.G. § 2B1.1 states:

> In the case of a partially completed offense (e.g., an offense involving a completed theft or fraud that is part of a larger, attempted theft or fraud), the offense level is to be determined in accordance with the provisions of § 2X1.1 (Attempt, Solicitation, or Conspiracy) whether the conviction is for the substantive offense, the inchoate offense (attempt, solicitation, or conspiracy), or both. *See* Application Note 4 of the Commentary to § 2X1.1.

> U.S.S.G. § 2X1.1 states in relevant part: (b)(1) If an attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or if the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

The parties sharply disagree as to whether Jenkins's fraud constitutes a "partially completed offense" pursuant to Application Note 13. Jenkins submits that his offense was incomplete because he never actually defrauded a victim by selling the counterfeit coins and bars charged in the indictment and never even solicited a fraudulent sale of those particular bars. His argument fails. Under § 1341, neither a successfully completed fraud, nor even a fraudulent solicitation is required for a completed offense. The statute requires only that one, "having devised ... any scheme or artifice to defraud," use the mails or an interstate commercial carrier "for the purpose of executing such a scheme." *See* 18 U.S.C. § 1341. With respect to these coins and bars, Jenkins had completed the offense. He does not stand convicted of some larger conspiracy or attempted fraud of which his substantive crime is only an ancillary part. Neither does any uncharged attempted or conspiratorial conduct inform his guideline calculation. *See* U.S.S.G. § 1B1.3(a).[2] Rather, his substantive fraud count of conviction encompasses the whole of his scheme to traffic in counterfeit gold coins and bars, and his use of an interstate carrier to further that scheme was actual, not simply attempted. *See generally United States v. Martin*, 157 F.3d 46, 51 (2d Cir.1998) (holding that a defendant may not recharacterize his crime—in that case, possession of stolen property—as an uncompleted attempt to commit some other crime in an effort to receive more favorable treatment pursuant to § 2X1.1).

The judgment of the district court is hereby AFFIRMED.

---

**2.** It is in this context—i.e., where a defendant convicted of a discrete substantive fraud has his guidelines calculated with reference to a related larger attempted fraud or conspiracy—that Application Note 13's instruction to apply § 2X1.1 without regard to whether the count of conviction is substantive or inchoate comes into play.