**UNITED STATES of America,**
**Appellee,**

v.

**Randy JACKSON, Defendant–Appellant.**

No. 02–1564.

United States Court of Appeals,
Second Circuit.

Jan. 12, 2004.

Peter J. Pullano, Rochester, N.Y. (on submission), for Appellant.

Bret A. Puscheck, Assistant United States Attorney, Rochester, N.Y. (Michael A. Battle, United States Attorney), (on submission), for Appellee, of counsel.

* The Honorable Gregory W. Carman, Judge, United States Court of International Trade,

PRESENT: JACOBS, STRAUB, Circuit Judges, and CARMAN, Judge.*

*SUMMARY ORDER*

Defendant Randy Jackson appeals from a sentence entered in the United States District Court for the Western District of New York (Telesca, *J.*) after he pled guilty to being a felon in possession of a firearm. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

"On appeal from a sentence, we uphold the sentencing court's factual findings unless they are clearly erroneous, and review its legal determinations *de novo*, while giving due deference to its application of the Sentencing Guidelines to the facts." *United States v. Berg*, 250 F.3d 139, 142 (2d Cir.2001).

1. The district court properly counted Jackson's earlier manslaughter conviction in calculating the criminal history because that incarceration ended less than fifteen years before he committed the instant offense. USSG § 4A1.2(e)(1). Jackson seemingly conceded this point and argued, without support, that the Guidelines should be misapplied here "in the interest of justice."

2. After granting Jackson the two points for acceptance under USSG § 3E1.1(a), the district court should have explained why it believed Jackson was not entitled to the third point under USSG § 3E1.1(b). *United States v. Keppler*, 2 F.3d 21, 23 (2d Cir.1993). However, Jackson failed to challenge below the conclusory nature of the district court's denial of

sitting by designation.

the third acceptance point or to argue that the district court otherwise misapplied USSG § 3E1.1. Notwithstanding this waiver, this Court would consider the claim if it constituted plain error. *See id.* at 23–24. But even if the district court had granted the third acceptance point, the sentence still would have been within the resulting Guidelines range; failure to grant the third acceptance point therefore was not plain error. *See id.* at 24.

3. "[A] district court's refusal to depart downwardly is not appealable unless the guidelines were misapplied, the court misapprehended its authority or imposed an illegal sentence." *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993). Jackson makes no such argument, but simply claims that the district court "should have taken into account the circumstances regarding how [he] came to possess the weapon, and granted a downward departure." The sentencing transcript does not suggest that the district court misconstrued its ability to depart. Accordingly, the Court lacks jurisdiction to consider this portion of Jackson's appeal.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED in part, and the appeal is in remaining part DISMISSED.