UNITED STATES of America, Appellee–Cross–Appellant,

v.

William Keith THOMAS, also known as Wop, and Donnel Hymes, also known as Duke, Defendants–Appellants–Cross–Appellees.

Docket Nos. 01–1515(L), 01–1516(XAP), 01–1517(CON) and 01–1533(XAP).

United States Court of Appeals, Second Circuit.

June 1, 2004.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED in part, VACAT-ED in part, and REMANDED for further proceedings.

John M. Katko, Assistant United States Attorney (Lisa M. Fletcher and Elizabeth S. Riker, Assistant United States Attorneys, of counsel), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, for Appellee.

Stephen Lance Cimino, Syracuse, New York, for William Keith Thomas, for Defendants–Appellants.

Thomas M. Robertson, Syracuse, New York, for Donnel Hymes, for Defendants–Appellants.

Present: LEVAL, KATZMANN, Circuit Judges, and MURTHA,* District Judge.

### SUMMARY ORDER

Defendants-appellants William Keith Thomas and Donnel Hymes appeal their convictions for conspiring to distribute (and possessing with intent to distribute) cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846, and the government cross-appeals their sentences. We assume familiarity with this case, including the evidence adduced at trial and the arguments advanced on appeal.

We review the district court's decision to deny Hymes's motion for a new trial for abuse of discretion, accepting the district court's factual findings unless they are clearly erroneous. *See United States v. Burns,* 104 F.3d 529, 536–37 (2d Cir.1997); *United States v. Wong,* 78 F.3d 73, 78 (2d Cir.1996). The district court's conclusion that Hymes's incriminating statement to Russell was equally a statement to Hoover (because Hoover was also in the room) is not clearly erroneous, and because Hoover's report disclosed "the substance of [that] relevant oral statement," the government complied with Federal Rule of Criminal Procedure 16(a)(1)(A) (West 2000). Further, Hymes has failed to show how he was "substantial[ly] prejudice[d]" by any omission from Hoover's report, *United States v. Adeniji,* 31 F.3d 58, 64 (2d Cir.1994), as pre-trial testimony indicated that Russell "was present periodically during the ... interview."

We are troubled, however, by the prejudicial remarks the Assistant United States Attorney made in his rebuttal summation. Nevertheless, we agree that Hymes would certainly have been convicted absent those remarks based on the "overwhelming evidence" of his participation in a narcotics conspiracy, Appellant Hymes Br. at 12, and the equally overwhelming evidence that the conspiracy involved cocaine base, to wit: Hymes's statements to law enforcement agents that he sold crack, traces of cocaine base found on a scale in Hymes's residence, recordings of Hymes's participation in phone calls that contained references to "eight-ball" quantities, and testimony by cooperating witnesses that Hymes dealt in cocaine base. In light of the certainty of Hymes's conviction, the absence of a contemporaneous objection, and the district court's (albeit mild) curative instruction, the district

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

court did not abuse its discretion in denying Hymes's motion for a new trial. *See United States v. Young,* 470 U.S. 1, 19–20, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); *United States v. Shareef,* 190 F.3d 71, 78–79 (2d Cir.1999); *United States v. Burns,* 104 F.3d 529, 536–37 (2d Cir.1997).

As to the arguments Hymes raises *pro se* on appeal, we conclude that he suffered no prejudice because he was not arraigned on the second superseding indictment, *see Garland v. Washington,* 232 U.S. 642, 645, 34 S.Ct. 456, 58 L.Ed. 772 (1914); *United States v. Joyner,* 201 F.3d 61, 79 (2d Cir. 2000), and that his counsel was not ineffective in failing to move to dismiss the indictment for lack of specificity, as his counsel did move for a bill of particulars. Therefore, for all of the foregoing reasons, we affirm Hymes's conviction.

As to Thomas, assuming *arguendo* that "the evidence was [in]sufficient to permit the jury to find beyond a reasonable doubt that [Thomas] knew he was a participant in a large enterprise," *United States v. Thompson,* 76 F.3d 442, 454 (2d Cir.1996), Thomas does not indicate what hearsay or inflammatory evidence was improperly admitted against him because of the alleged variance between the indictment and the proof at trial, *cf. United States v. Johansen,* 56 F.3d 347, 351 (2d Cir.1995). Where no *Pinkerton* charge was given and only two other co-defendants went to trial, we are unable to identify the "substantial prejudice" that would justify reversal. *United States v. Berger,* 224 F.3d 107, 115 (2d Cir.2000); *Johansen,* 56 F.3d at 351.

■ As to the defendants' sentences, however, the district court erred in its legal conclusion (which we review *de novo*) that it was bound to sentence the defendants based on the drug quantities found by the jury --- 50 grams in Hymes's case and 5 grams in Thomas's case. The jury's verdict established that the defendants were responsible for *at least* those amounts, and that finding increased the statutory range of imprisonment to 10 years to life in both Hymes's case, *see* 21 U.S.C. § 841(b)(1)(A)(iii), and Thomas's (because of his prior drug conviction), *see* 21 U.S.C. § 841(b)(1)(B)(iii). The jury's finding beyond a reasonable doubt did not purport to determine the full (potentially larger) amount of drug dealing for which the defendants were responsible, however. Under the Sentencing Guidelines it remained incumbent on the district judge, in order to select the correct Guidelines range, to find by a preponderance of the evidence the full amount, necessarily equal to or greater than the threshold amount found by the jury, for which each defendant was responsible. *See United States v. Dennis,* 271 F.3d 71, 74 (2d Cir.2001) (per curiam); *see also United States v. Thorn,* 317 F.3d 107, 123–24 (2d Cir.), *cert. denied,* 538 U.S. 1064, 123 S.Ct. 2232, 155 L.Ed.2d 1119 (2003); *United States v. Norris,* 281 F.3d 357, 360–61 (2d Cir.), *cert. denied,* 536 U.S. 949, 122 S.Ct. 2641, 153 L.Ed.2d 820 (2002).

■ Notwithstanding the district court's oral reference to a "departure" from the Guidelines range in Thomas's case, the judgment indicates that "[t]he sentence is within the guideline range," not that it "departs from the guideline range." It also contains a legal ruling, which reflects colloquy with counsel in open court, "that the two prior convictions identified in the presentence report that were used to establish the defendant's status as a career offender are related and are therefore not countable" for purposes of U.S.S.G. § 4B1.1 (May 1, 2001). We review this legal ruling *de novo* as a legal interpretation of the Guidelines, and not as a decision to depart downward, and we conclude that the district court was incorrect as a matter of law. "As the word 'otherwise'

[in U.S.S.G. § 4A1.2 n. 3 (May 1, 2001)] makes clear, whether an intervening arrest was present constitutes a *threshold* question that, if answered in the affirmative, precludes any further inquiry to determine whether the prior sentences were imposed in related cases." *United States v. Boonphakdee*, 40 F.3d 538, 544 (2d Cir.1994). Because Thomas was arrested for one crime on August 6, 1992 and for another on February 14, 1993, and was sentenced on different occasions for both, and there are no other factual findings that justify treating those offenses as related, the district court ought to have imposed the career offender enhancement.

Accordingly, the defendants' convictions are **AFFIRMED**, but we **VACATE** their sentences and **REMAND** the case for further proceedings consistent with this order.