In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2796

United States of America,

Plaintiff-Appellant,

v.

Michael J. Tomasino,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 CR 965--Robert W. Gettleman, Judge.

On Petition for Rehearing and Rehearing En Banc.

Decided September 26, 2000

Before Posner, Easterbrook, and Ripple, Circuit Judges.

Per Curiam. Our opinion in this case, 206 F.3d 739 (7th Cir. 2000), concludes that because the 1991 amendment to U.S.S.G. sec.2F1.1(b) may have reflected confusion by the Sentencing Commission about the extent of its discretion, Tomasino's sentence may not be enhanced under that guideline. The penultimate paragraph of our opinion invited the Commission to clarify its understanding without the formality of amending the guidelines or notes. We remanded the case for resentencing "after giving the Commission a reasonable opportunity to clarify its intentions in promulgating U.S.S.G. sec.2F1.1(b)(7)(B)." 206 F.3d at 743.

Contrary to our expectations, the Commission did not welcome this opportunity. A letter sent to the Solicitor General on April 26, 2000, and attached to the United States' petition for rehearing, conveys the Commission's belief that our opinion "could cause the Commission to be burdened by a stream of judicial requests for clarification. Such a burden would impact negatively on the ability of the Commission to respond to legislative directives, resolve

circuit conflicts, and promulgate other amendments pursuant to its mandate from Congress." The United States' petition for rehearing observes that the Commission prefers to limit itself to a legislative role:

The Commission is not charged with sentencing individual defendants. Nor should it be in the business of stating its views regarding the meaning of the Guideline provisions in any form other than through the promulgation process set forth by statute. Much like a legislature, once the Commission has promulgated its Guidelines and amendments, courts must interpret them as well as they can.

Given the jointly held view of the Sentencing Commission and the Department of Justice that guidelines and notes must speak for themselves, we withdraw the final two paragraphs of our opinion, which solicited the Commission's views. This was an invitation, not a command, and the invitation has been declined not only for this case but also for future cases.

For the reasons stated elsewhere in our original opinion, however, a majority of the panel remains of the opinion that sec.2F1.1(b)(7)(B) may have been based on a misunderstanding and therefore does not support enhanced punishment for Tomasino. Accordingly, we grant the petition for rehearing to the extent it objects to the remand, and we now affirm Tomasino's sentence. A majority of the panel has voted to deny the petition for rehearing to the extent it seeks any other modification of the judgment. No judge in active service has called for a vote on the petition for rehearing en banc, which is denied.

Easterbrook, Circuit Judge, dissenting from the denial of rehearing. I am gratified to learn that the Sentencing Commission is content with the powers Congress gave it and does not seek to evade statutory limits on its rule-creation and rule-interpretation abilities. See 206 F.3d at 744-45 (dissenting from the panel's original handling of this subject). Withdrawing the invitation is a sound step. Unfortunately, however, the court follows the Commission only part way. The Commission's letter to the Solicitor General also has this to say:

It is the Commission's view that action by the Commission should be sustained when it has acted within its statutory authority. The Commission's ability to carry out its responsibilities under

the Sentencing Reform Act would be hampered if clearly worded guideline provisions were not to be given effect pending some further statement of intent from the Commission. . . . [The court's] approach could also undermine uniform application of the guidelines by encouraging individual judges to construe guideline provisions narrowly and to focus on legislative history rather than on the guidelines themselves. In sum, this precedent, if undisturbed, would be detrimental to the operation of the Commission and to the uniform application of the guidelines.

Indeed so. By departing from what the Commission promulgated because they are unsure what the Commissioners thought, my colleagues promote uncertainty and do a serious disservice to the statutory goal of predictability in sentencing. We should fix this part of the decision, too, and remand with instructions to sentence Tomasino under the text of the existing guidelines.