**UNITED STATES of America, Appellant–Cross–Appellee,**

v.

**Glen NORRIS, Defendant–Appellee–Cross–Appellant.**

**Docket Nos. 01–1347L, –1357XAP.**

United States Court of Appeals, Second Circuit.

Argued Jan. 23, 2002.

Decided Feb. 19, 2002.

Nikki Kowalski, Asst. U.S. Atty., (Alan Vinegrad, U.S. Atty., Peter A. Norling, Asst. U.S. Atty., Brooklyn, NY, on the brief), for Appellant–Cross–Appellee.

David A. Lewis, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellee–Cross–Appellant.

Before JON O. NEWMAN and KEARSE, Circuit Judges, and RAKOFF,* District Judge.

JON O. NEWMAN, Circuit Judge.

The primary issue on this sentencing appeal by the Government is whether *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), applies to enhancements, prescribed by the Sentencing Guidelines, that increase a defen-

---

* Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

dant's sentence above the sentencing range applicable without the enhancements. If so, the facts supporting such enhancements would have to be charged in the indictment and found by the jury beyond a reasonable doubt. The United States appeals from the June 22, 2001, judgment of the District Court for the Eastern District of New York (Eugene H. Nickerson, District Judge), sentencing Glen[1] Norris to the statutory minimum sentence of 120 months upon his plea of guilty to conspiring to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). Norris cross-appeals to contend that, in the event that the case is remanded for resentencing, the standard of clear and convincing evidence should be required for any enhancements to be found by the District Court.

We conclude, in light of our applicable precedents, that *Apprendi* does not apply to enhancements that determine a sentence that is within the applicable statutory maximum and that would otherwise be above the applicable statutory minimum. We also conclude that the applicable standard of proof for enhancements is preponderance of the evidence, although a downward departure may be warranted, depending on the extent of the sentence increase resulting from such enhancements and the probative force of the evidence supporting them. We therefore vacate the sentence and remand for resentencing.

## Background

Norris pled guilty to a count charging him with conspiring with others to distribute, and possess with intent to distribute, five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). As Judge Nickerson noted in an amended memorandum and order filed prior to sentencing, *see United States v. Norris,* 143 F.Supp.2d 243, 245 (E.D.N.Y.2001), a quantity of cocaine between five and fifteen kilograms warrants a base offense level of 32, U.S.S.G. §§ 2D1.1(a)(3), 2D1.1(c)(4), ¶ 2, and he accepted the statement in the Presentence Report ("PSR") that Norris agreed to buy six kilograms of cocaine at a price of $18,000 per kilogram. With a three-level reduction for acceptance of responsibility, the adjusted offense level would have been 29, which in Norris's Criminal History Category II, would have yielded a sentencing range of 97–121 months.

The PSR recommended three enhancements above the base offense level of 32. First, it added two levels because it attributed to Norris 20.27 kilograms of cocaine. *Id.* § 2D1.1(c)(3), ¶ 2. The quantity was derived from the amount of money seized at Norris's residence, $115,000, plus $250,000 that one of Norris's partners said he had counted out at Norris's house for cocaine purchases, for a total of $365,000, divided by a price of $18,000 per kilogram. Second, two levels were added because Norris possessed a firearm allegedly in connection with his offense. *Id.* § 2D1.1(b)(1). Third, two levels were added because Norris had supervised the criminal activity of one of his partners. *Id.* § 3B1.1(c). With the three-level reduction for acceptance of responsibility, the PSR's adjusted offense level was 35, yielding in Criminal History Category II a sentencing range of 188–235 months. *Norris,* 143 F.Supp.2d at 245.

In a bold and thoughtful opinion, characteristic of the exemplary career of this outstanding judge whose career regrettably ended with his death on January 1, 2002, Judge Nickerson concluded that *Ap-*

---

**1.** Alternately spelled "Glenn" in portions of the record.

*prendi*'s requirements apply to Guidelines enhancements. *Id.* at 247–48. He acknowledged that his view was contrary to the holdings of numerous circuits, including ours, *see United States v. Garcia,* 240 F.3d 180, 183 (2d Cir.2001).

Judge Nickerson therefore concluded that the applicable sentencing range was 97–121 months, based on the unenhanced offense level, adjusted only for the acceptance of responsibility reduction. Recognizing that the statutory minimum for Norris's offense was ten years, he imposed a ten-year sentence.

### Discussion

#### I. The Government's Appeal

 The Government contends that the precedents of this Circuit, *Garcia,* 240 F.3d at 183, and *United States v. White,* 240 F.3d 127, 136 (2d Cir.2001), establish that *Apprendi* has no application to the Guidelines enhancements that Judge Nickerson declined to adjudicate. *See also United States v. Thomas,* 274 F.3d 655, 663–64 (2d Cir.2001) (in banc) (citing *Garcia* and *White* with approval). In resisting the Government's appeal, Norris advances two reasons why we should not adhere to our prior rulings that *Apprendi* does not apply to Guidelines calculations. First, he contends that those rulings have been eroded by our more recent decision in *United States v. Guevara,* 277 F.3d 111 (2d Cir.2001). He reads *Guevara* to have "held that factors that increase a sentence above the top of a Guideline range 'must be charged in the indictment and submitted to the jury.'" Supp. Brief for Appellee at 2 (citing *Guevara,* 277 F.3d at 119). Norris's quotation from *Guevara* omits critical language and thereby vastly overstates and distorts our Court's narrow and precisely expressed holding:

Following *Apprendi* and *Thomas,* therefore, if drug quantity is used to trigger a mandatory minimum sentence that exceeds the top of the Guideline range that the district court would otherwise have calculated (based on the court's factual findings, with or without departures), that quantity must be charged in the indictment and submitted to the jury. *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348; *Thomas,* 274 F.3d at 659–60.

*Guevara,* 277 F.3d at 119. Nothing in *Guevara* applies *Apprendi* to all findings that increase a sentence above an otherwise applicable Guidelines range. *Apprendi* itself governs if a factual determination results in a sentence that exceeds a statutory maximum, and *Guevara* applies *Apprendi* to circumstances where a factual determination triggers a mandatory minimum sentence that is higher than the top of the Guidelines range that would have been used in the absence of such determination. *Apprendi* was applied in *Guevara* because (a) the sentencing judge, rather than the jury, found that the quantity of heroin for which the defendant was responsible was more than one kilogram, (b) that quantity triggered a mandatory minimum sentence of 240 months, and (c) the top of the Guidelines range without the finding of a quantity of more than one kilogram would have been *less than* 240 months. The finding thus raised the sentence from the range (below the mandatory minimum) that would have been applicable without the finding up to the mandatory minimum sentence. By contrast, the applicable Guidelines range for Norris, without any of the enhancements recommended by the PSR, was 97–121, and the top of that applicable range was *above* the mandatory minimum sentence of 120 months.[2] The enhancements

---

**2.** Judge Nickerson's opinion, rendered prior to sentencing, inadvertently misstated the ap-

that Judge Nickerson declined to adopt would not have triggered a mandatory minimum sentence, which was already applicable without any of the enhancements. *Guevara* therefore does not require applying *Apprendi* to Norris's sentencing.

Norris's second argument is that *Garcia* and *White* were incorrectly decided in that they failed to recognize that the Guidelines ranges are statutory maximums within the meaning of *Apprendi.* In Norris's view, the Guidelines are "statutory" because they have the force and effect of law and were promulgated by a legislative body, and the ranges establish "maximums" even though departures above (and below) applicable ranges may be made, pursuant to 18 U.S.C. § 3553(b). Norris's argument is not frivolous. The Supreme Court, in deciding that the commentary in the Guidelines Manual is generally "authoritative," *Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), reasoned that the commentary should "be treated as an agency's interpretation of its own legislative rule," *id.* at 44, 113 S.Ct. 1913; *see also United States v. Tomasino,* 230 F.3d 1034, 1035 (7th Cir.2000) (quoting from the Government's petition for rehearing a reference to the Sentencing Commission as functioning "[m]uch like a legislature"). Moreover, four dissenting Justices in *Apprendi* expressed the view that the Court's decision, or at least its reasoning, "invalidate[s]" determinate sentencing systems such as the Sentencing Guidelines, "strongly suggests" that such schemes are not constitutional, and "suggests" that Guidelines sentences "rest on shaky ground." *Apprendi,* 530 U.S. at 550–52, 120 S.Ct. 2348 (O'Connor, J., with whom Rehnquist, C.J., and Kennedy and Breyer, JJ, join, dissenting). But these are alarms

of dissenters, and the Court's opinion gives no indication whatsoever that their fears are justified. As Judge Friendly cautioned us, "Cassandra-like predictions in dissent are not a sure guide to the breadth of the majority's ruling," *United States v. Travers,* 514 F.2d 1171, 1174 (2d Cir.1974). Unless and until advised to the contrary by higher authority, we decline to read *Apprendi* more broadly than we have in the past. Whatever "legislative" attributes might be ascribed to the Sentencing Commission, and to whatever extent the Commission's Guidelines ranges might be considered to be "statutory maximums," we do not believe these ranges are statutory maximums for purposes of applying the constitutional requirements announced by the Supreme Court in *Apprendi.*

Because in the pending case *Apprendi* does not preclude a sentencing judge from making the factual determinations that might support the enhancements recommended by the PSR, the sentence must be vacated and the case remanded to the District Court so that the District Judge to whom the remand is assigned can proceed with the fact-finding contemplated by the Guidelines.

## II. Norris's Cross–Appeal

■ On the cross-appeal, Norris urges that, if the sentence is vacated and remanded for consideration of enhancements, we should require application of a "clear and convincing evidence" standard of proof. He contends that such a standard is required by *Apprendi* and the due process principles of *Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). For the same reasons

plicable range, without enhancements, to be 97 to 120 months, and the mandatory minimum sentence to be 121 months; he noticed and corrected his misstatement at the sentencing hearing, when he imposed a sentence of 120 months. Transcript of May 11, 2001, at 5.

expressed in Part I, *supra,* we conclude that *Apprendi* does not require a heightened standard of proof for routine Guidelines determinations (*i.e.,* not affecting statutory mandatory maximum or minimum sentencing provisions). Moreover, Norris's contention on the cross-appeal encounters binding contrary precedent of this Circuit. In *United States v. Gigante,* 94 F.3d 53, 56 (2d Cir.1996), we ruled that the preponderance standard governs Guidelines determinations. *See United States v. Cordoba–Murgas,* 233 F.3d 704, 709 (2d Cir.2000). However, *Gigante* also makes clear that the preponderance standard is a *"threshold* basis for adjustments and departures," 94 F.3d at 56 (emphasis in original), that "the [c]ourt may examine whether the conduct underlying multiple upward adjustments was proven by a standard greater than that of preponderance, such as clear and convincing or even beyond reasonable doubt where appropriate," *id.,* and that "[w]here a higher standard, appropriate to a substantially enhanced sentence range, is not met, the court should depart downwardly," *id.* We therefore reject Norris's contention on the cross-appeal, confident that on the remand we have ordered on the Government's appeal, the teaching of *Gigante* will be faithfully followed.

### Conclusion

The sentence imposed by the District Court is vacated, and the case is remanded for resentencing consistent with this opinion.