**UNITED STATES of America,**
**Appellee,**

v.

**Henry OCASIO, Defendant–Appellant.**

Docket No. 01–1399.

United States Court of Appeals,
Second Circuit.

April 4, 2002.

David Touger, Peluso & Touger, New York, NY, for Defendant–Appellant.

Michael J. Gustafson, Assistant United States Attorney; John A. Danaher III, United States Attorney for the District of Connecticut, Jeffrey A. Meyer, Assistant United States Attorney, on the brief, for Appellee.

Present LEVAL and SOTOMAYOR, Circuit Judges, RAGGI, District Judge.

SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court of Connecticut (Christopher F. Droney, Judge), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Appeal from a sentence imposed by the District Court of Connecticut following a plea of guilty to conspiracy to distribute cocaine.

On September 9, 1999, federal authorities arrested Henry Ocasio. The indictment alleged that Ocasio knowingly and deliberately conspired to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a) and 846. Ocasio ultimately pleaded guilty to the charge. The plea agreement included a provision in which "the defendant and the United States stipulate[d] and agree[d] that the defendant's offense and relevant conduct involved 10 kilograms of cocaine and 7 kilograms of heroin."

In light of the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), on February 16, 2001, the parties entered into a supplemental agreement. This agreement acknowledged that Ocasio may be able to argue that he had a right to have findings of fact concerning the quantity of cocaine in the conspiracy charge, but "[t]he defendant knowingly and voluntarily waives his right to have or have had such facts submitted for findings by a grand jury or trial jury. However, the defendant reserves his right under *Apprendi.* to appeal the calculation of relevant conduct involving 10 kilograms of cocaine and 7 kilograms of heroin."

On appeal, Ocasio maintains that an *Apprendi.* error exists because the district court, in calculating his sentence, included as relevant conduct distribution of cocaine and heroin amounts determined under a preponderance of the evidence standard. This Circuit's caselaw since *Apprendi.* has stated that uncharged drug quantity may be considered at sentencing as part of a defendant's relevant conduct, so long as the resulting sentence does not exceed the statutory maximum, or cause the imposi-

tion of a statutory mandatory minimum sentence. This sentencing factor may be determined by the judge under a preponderance of the evidence standard and need not be submitted to a jury. See *United States v. Norris,* 281 F.3d 357, 359 (2d Cir.2002); *United States v. Thomas,* 274 F.3d 655, 663–64 (2d Cir.2001) (in banc).

For the reasons set forth above, the judgment and sentence of the district court is AFFIRMED.