**462**

UNITED STATES of America,
Appellee,

v.

David QUINONES, Defendant–
Appellant.

Docket No. 01–1377.

United States Court of Appeals,
Second Circuit.

June 10, 2002.

Anthony E. Kaplan, Assistant United States Attorney (John A. Danaher III, United States Attorney for the District of Connecticut, on the brief), New Haven, CT, for Appellee.

Edward S. Zas, Of Counsel, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Present STRAUB and SOTOMAYOR, Circuit Judges, and GOLDBERG, Judge.*

### SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HERE-BY ORDERED, ADJUDGED AND DE-CREED that the judgment of the District Court is AFFIRMED.

Defendant–Appellant David Quinones appeals from a judgment of conviction entered on June 28, 2001 in the United States District Court for the District of Connecticut (Janet C. Hall, Judge), after a plea of guilty.

On December 12, 2000, Quinones pleaded guilty to one count of possessing a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On June 28, 2001, the District Court sentenced Quinones to an incarcerative term of 96 months, followed by supervised release of 3 years, and a special assessment of $100. Although Quinones' base offense level and acceptance of responsibility placed him in an initial guidelines range of 51 to 63 months of imprisonment, the District Court found by a preponderance of the evidence that Quinones was eligible under U.S.S.G. § 2K2.1(b)(5) for a 4–level guidelines enhancement based on Quinones' possession of the firearm in connection with a separate felony offense. The 4–level enhancement raised Quinones' guidelines range to 77 to 96 months of imprisonment.

Quinones appeals his sentence on the grounds that, pursuant to the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), facts which increase a defendant's sentence above the maximum in a guidelines range but below the relevant statutory maximum must be proven to a jury beyond a reasonable doubt or at least be proven to a sentencing court by more than a preponderance of the evidence. However, as Quinones concedes, these arguments have already been foreclosed by our recent decision in *United*

---

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

*States v. Norris,* 281 F.3d 357 (2d Cir. Feb.19, 2002).

In *Norris,* we held that "in light of our applicable precedents, *Apprendi* does not apply to enhancements that determine a sentence that is within the applicable statutory maximum and that would otherwise be above the applicable statutory minimum." 281 F.3d at 359. We further held that "the applicable standard of proof for enhancements is preponderance of the evidence." *Norris* is clearly dispositive of Quinones' appeal. *Id.*

Accordingly, we AFFIRM the judgment of the District Court.