UNITED STATES of America,

v.

Hitham ABUHOURAN.

Criminal Action No. 95–560–1,
Civil Action No. 00–733.

United States District Court,
E.D. Pennsylvania.

Nov. 26, 2002.

---

1. *See* Affidavit of Christine M. Milanov in con-
nection with the Administration of the Notices
of Mailings ¶ 9.

Robert A. Zauzmer, U.S. Attorney, U.S. Attorney's Office, Philadelphia, PA, for United States of America.

Glenn A. Zeitz, Peter F. Vaira, Vaira, Backstrom, Riley & Smith, Philadelphia, PA, Alan J. Chaset, Alexandria, VA, for Defendant.

Hitham Abuhouran, Philadelphia, PA, Pro se.

## OPINION

POLLAK, District Judge.

In this § 2255 habeas action, Hitham Abuhouran (a/k/a Steve Houran), acting *pro se,* has raised five challenges to the 188–month sentence imposed upon him after he pled guilty in 1996 to, among other charges, four counts of money laundering and fifteen counts of bank fraud. The five points Mr. Abuhouran raises are as follows: (1) the indictment impermissibly relies upon a single transaction as the basis for charges of both bank fraud and money laundering; (2) assistance of counsel was ineffective because of the failure to raise point 1; (3) one of the counts in the indictment alleges no crime it states merely that a check was written, not that any transaction actually occurred; (4) two upward adjustments in sentencing violated due-process rights enunciated by the Supreme Court in *Apprendi;* and (5) the grand jury that issued the indictment was empaneled for a time period greater than that allowed by Federal Rule of Criminal Procedure 6(g). Mr. Abuhouran's arguments were not raised all at once. Rather, points 1 and 2 appear in the original Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed February 10, 2000 (Docket # 428); point 3 appears in the Motion to Dismiss Indictment and/or Motion to Amend Motion to Vacate Sentence filed August 21, 2000 (Docket # 437); point 4 appears in the Motion for Leave to File Supplement to Motion to Vacate, Set Aside, and Correct Sentence filed December 26, 2000 (Docket # 438); and point 5 appears in the Motion for Leave to Amend § 2255 Motion filed May 4, 2001 (Docket # 441).

After receiving Docket # 428, this court referred Mr. Abuhouran's case to Magistrate Judge Angell for a Report and Recommendation. Judge Angell's Report and Recommendation (Docket # 433), dated July 19, 2000, addresses points 1 and 2, the only issues that Mr. Abuhouran had raised at the time. Mr. Abuhouran filed objections to the Report and Recommendation on July 31, 2000 (Docket # 434), which he supplemented with a supporting memorandum on August 21, 2000 (the memorandum apparently was not assigned a docket number, but the certificate of service was marked as filed by the clerk of court). In accordance with 28 U.S.C. § 636(b)(1), this court conducts a de novo review of the issues in the Report and Recommendation to which Mr. Abuhouran objected. Each of the five issues, including the three not addressed by Judge Angell, will be addressed here in turn.

**Points 1 and 2**

In his initial § 2255 submission (Docket # 428), Mr. Abuhouran questions the adequacy of the indictment to which he pled guilty. Specifically, he asserts that Counts 8, 18, 27, and 31 (all alleging money laundering) impermissibly rely upon the same financial transactions as do, respectively, Counts 7, 16, 26, and 29 (all alleging bank fraud). Mr. Abuhouran points out that a key element of the crime of money laundering, as defined by 18 U.S.C. § 1956, is that a financial transaction involve the "proceeds" of unlawful activity. He argues that § 1956 contemplates two distinct acts underlying the crime of money laundering (1) some sort of unlawful activity producing proceeds, and then (2) a financial transaction involving those proceeds. The United States charges that Mr. Abuhouran laundered the proceeds he received from the unlawful activity of bank fraud. The problem with the indictment, according to the Motion to Vacate Sentence, is that the government took a single check and used it as the basis to charge both bank fraud and laundering the proceeds of that same bank fraud.

■ This court is not without guidance on this issue. Mr. Abuhouran's brother Aktham (a/k/a Tony Houran), after being convicted by a jury for his involvement in the same fraudulent scheme to which petitioner Hitham pled guilty, appealed his conviction to the Third Circuit. A portion of the opinion dealt with Counts 26 and 27—two of the very same counts from the very same indictment of which Hitham Abuhouran now complains—and held that:

> Money laundering must be a crime distinct from the crime by which the money is obtained. *United States v. Conley,* 37 F.3d 970, 980 (3d Cir.1994). The money laundering statute is not simply the addition of a further penalty to a criminal deed; it is a prohibition of

processing the fruits of a crime or of a completed phase of an ongoing offense. *Id.* at 979. The check to Murphy [alleged in Count 27] was the same check referred to in the charge [alleged in Count 26] of abetting Steve Houran in the bank fraud involved in the Webster Avenue loans. It could be objected that the act charged as money laundering was not distinct from one of the acts charged as aiding and abetting bank fraud. This objection was not raised at trial; the error, if any, was therefore forfeited, and we review it under the criteria governing our exercise of review under Fed.R.Crim.P. 52(b). A majority of the court is of the opinion that it is sufficient under *Conley* that a distinct phase of the bank fraud have been completed before the act of money laundering was committed. The majority views the bank fraud which Steve Houran committed and of which the check Tony Houran wrote constituted proceeds, as having already been completed at the time Tony Houran wrote the check. Judge Noonan does not agree with this approach. In the light of the division of the court he does believe that the error, if any, does not meet the criteria set for the recognition of plain error by *United States v. Olano,* 507 U.S. 725, 730, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

*United States v. Abuhouran* [*Abuhouran I*], 162 F.3d 230, 233–34 (3d Cir.1998).

Judge Angell's Report and Recommendation deemed this discussion dispositive of petitioner's § 2255 motion. In his objections to the Report and Recommendation, Mr. Abuhouran insists that his argument differs subtly from that rejected by the Third Circuit in his brother's appeal. His argument purports to attack technical aspects of the "indictment as written" rather than challenging what Mr. Abuhouran believes *Abuhouran I* decided—

"whether the transaction involving [the check] could be considered money laundering at all, without reference to the indictment and the circumstances of the case." Memorandum of Law in Support of Objections to Magistrate Judge's Report and Recommendation at 8. As Mr. Abuhouran sees it, the opinion of the Third Circuit addressed only the substance of the crime of money laundering, not the procedural niceties of an indictment charging that crime. More specifically, the instant argument maintains that "[a]s long as the indictment specifies that a particular transaction is part of the execution .of the bank fraud, then that particular transaction cannot, elsewhere in the indictment, be charged as money laundering." Movant's Reply to Government Response to Petition Under 28 U.S.C. § 2255, at 4.

Mr. Abuhouran's theory makes a distinction without making a difference; ultimately, *Abuhouran I* and *Conley* control. As an initial matter, it must be emphasized that Charge 26 does not rely exclusively upon the check mentioned in Count 27 to support the bank-fraud allegation. A litany of financial transactions is alleged in Charge 26, which traces the flow of money through the Abuhourans' elaborate shell game. Mr. Abuhouran himself describes the movement of money as follows:

> The Hourans had straw borrowers apply for real estate and construction loans at [Bank of Brandywine Valley ("BBV")—the bank defrauded—] for properties located on Webster Avenue in Jersey City. When the loans were made, the proceeds were paid into [an account] at BBV, established by [Steve] Houran to collect the funds generated by the loans, which would ultimately total 2.6 million. *This transaction. actually concluded the execution of the bank fraud,* since the money had been removed from the control of BBV and was available to [Steve] Houran for spending.

> Houran then transferred 1.6 million out of the ... account at BBV into the Petra Construction Co. account at First Fidelity Bank, Union City, N.J. This transaction, by [Steve] Houran alone, is clearly money laundering. However, the prosecutor chose not to denominate it as such in the indictment. Tony Houran .then wrote a number of checks, totalling $890,000, on the Petra Construction account. [I]n Count 26, the prosecutor chose to denominate these transactions as still part of the execution of the bank fraud scheme. However, the prosecutor then singled out one of those checks ... and charged this same transaction as money laundering in Count 27.

Memorandum of Law in Support of Objections to Magistrate Judge's Report and Recommendation at 9 (emphasis added and citations omitted).

As Mr. Abuhouran acknowledges, an act of bank fraud had been completed at the time BBV initially made the loan. *See United States v. Gregg,* 179 F.3d 1312, 1315 (11th Cir.1999) ("Under 18 U.S.C. § 1344, [defendant] had completed the offense of bank fraud as soon as he fraudulently obtained credit from [the bank] in the form of a balance in a bank account."). The ill-gotten funds had already been tucked safely into the Abuhourans' various accounts before the drafting of the check mentioned in Count 27. That check, without question, involved the proceeds of illegal activity—no less so because the funds had already passed through two separate Abuhouran accounts as a result of mesne transactions (one of which Abuhouran states was "clearly money laundering").

▮ While it is true that the *Abuhouran I* court did not explicitly rule that an indictment could permissibly list a single transaction in support of both bank fraud and money laundering, one necessar-

ily infers that result from the portion of the opinion set forth above. The Third Circuit acknowledged the potential objection to the same check supporting both bank fraud and money laundering. That the court found no error in that conviction dictates the outcome here: if a defendant may be convicted of money laundering based on evidence that a distinct phase of bank fraud had been committed at the time of the money laundering, then an indictment is sufficient so long as it alleges same.[1]

■ There can be no doubt that Count 26 in the indictment alleged that at least a distinct phase of bank fraud had occurred when the Count–27 check was written. This court finds no prejudice to Mr. Abuhouran in Charge 26's recital of an additional transaction—subsequent to other transactions assuredly constituting bank fraud—that further distanced the fraudulently obtained money from its rightful owner. The Supreme Court has held that superfluous charges do not undermine the legitimacy of an indictment. *See, e.g., Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970) ("[W]hen a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, ... the verdict stands if the evidence is sufficient with respect to any one of the acts charged."); *Ford v. United States*, 273

U.S. 593, 602, 47 S.Ct. 531, 71 L.Ed. 793 (1927) (where an indictment charged violation of a treaty that "created no offense against the law of the United States," "that part of the indictment [was] merely surplusage and may be rejected"); *Crain v. United States*, 162 U.S. 625, 634–36, 16 S.Ct. 952, 40 L.Ed. 1097 (1896) (holding that a conviction may stand if government proves any of the alleged criminal acts alleged conjunctively in an indictment count). Because Count 26 would, absent mention of the Count–27 check, still allege numerous acts constituting bank fraud, and because this court finds Count 27 to adequately charge the crime of money laundering, Mr. Abuhouran's indictment was not defective in any prejudicial way.[2] This conclusion applies similarly to the three other tandems of bank-fraud/money-laundering counts to which the petitioner points. Each of those pairs of counts (7/8, 16/18, and 29/31), like Counts 26/27, comprises a bank-fraud count listing multiple transactions and a money-laundering count that relies upon one of those same transactions. This court concludes that all the relevant counts, like Counts 26 and 27, set forth adequately each of the two crimes, based on reasoning parallel to that set forth above.

Point 2, regarding alleged ineffective assistance of counsel, is necessarily coupled

---

1. Normally, couching discussion in terms of Rule 52(b) and the *Olano* case, as did the *Abuhouran I* court, signifies not necessarily that the reviewed decision was free of error, but only that there was no "plain error." However, Judge Noonan's opinion makes apparent that two of the panelists found no error at all. Judge Noonan had some reservations about that approach, but agreed with the outcome because, even if error existed, it did not meet the standard set forth by Rule 52(b) and *Olano*.

   It is worth noting that Mr. Abuhouran's petition to this court is subject to an even more strenuous standard of review than the "plain error" standard mentioned in his

brother's appeal. The proper standard for review of a § 2255 motion is "cause and actual prejudice," *United States v. Frady*, 456 U.S. 152, 167, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), which is "a significantly higher hurdle" than that presented by the plain-error standard, *id.* at 166, 102 S.Ct. 1584.

2. This court expresses no opinion on whether the Count–27 check, *standing alone*, could support convictions for both bank fraud and money laundering. Suffice it to say that all of Mr. Abuhouran's activities up to the writing of that particular check constituted bank fraud and were charged in Count 26.

to point 1—because Mr. Abuhouran's attack on the indictment is hereby found meritless, so to is his complaint that his counsel failed to raise the issue.

### Point 3

In the third issue argued by Mr. Abuhouran, he notes that Count 27 states only that his brother "wrote a check," with no statement indicating that a transaction— e.g., a deposit, negotiation, or transfer— actually occurred. Mr. Abuhouran therefore urges this court to conclude that, because no transaction was alleged, the indictment lacked a key element of money laundering. Mr. Abuhouran's brother Aktham has already raised this precise issue in his own motion, which I ultimately denied by order of June 7, 2001 *See U.S. v. Abuhouran [Abuhouran II]*, No. CRIM. A. 95–560–04, 2001 WL 880323 (E.D.Pa. June 7, 2001). Even if this court had not already decided this issue, point 3 must fail because the motion containing it was filed outside the period of time allowed by § 2255.

█ Point 3 appears in a motion filed August 21, 2000, and sent by Mr. Abuhouran on August 16, 2000. Under § 2255, a petition generally must be filed within one year of the date upon which the prisoner's conviction became final. Mr. Abuhouran's conviction became final on April 19, 1999, when the Supreme Court denied his petition for certiorari. The motion raising point 3 was submitted several months after April 19, 2000—the deadline for filing a § 2255 submission. Moreover, Mr. Abuhouran has not alleged that any other event (*e.g.*, a government-created impediment to making a motion, § 2255(2), a newly recognized right, § 2255(3), or facts that could not have been discovered sooner through the exercise of due diligence, § 2255(4)) has renewed his ability to file a new § 2255 petition. Therefore, this court must treat the August 2000 submission as a "second or successive motion" that must be certified by the Third Circuit before this court may reach its merits.

### Point 4

In the wake of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Mr. Abuhouran filed yet another challenge to his sentence. *Apprendi* held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. Based on that holding, Mr. Abuhouran challenges two upward departures applied to his sentence under the federal sentencing guidelines a 4–point upward adjustment for his leadership role in the offense and a 2–point upward adjustment for obstruction of justice. He complains that the "indictment did not provide him with notice of these facts, and they were not proven before a jury or beyond a reasonable doubt in violation of the United States Constitution."

█ Although the *Apprendi* motion was filed more than a year after Mr. Abuhouran's conviction became final, the government conceded that § 2255's one-year bar was inapplicable because *Apprendi* "newly recognized" the due-process right asserted in the motion. Accordingly, the government's response to Abuhouran's motion addressed only the merits of the *Apprendi* argument. Subsequent to the parties' submissions in this case, it became apparent that the government ceded more procedural ground than was necessary: the Third Circuit has since held that *Apprendi* is not to be applied retroactively on collateral review. *In re Turner*, 267 F.3d 225 (3d Cir.2001). Judge DuBois of this court recently wrote that, because the *Turner* court considered an application to file a

second or successive habeas petition, its opinion does not necessarily foreclose relief to a prisoner filing his first habeas petition.[3] *See United States v. Enigwe,* 212 F.Supp.2d 420, 430 n. 10 (E.D.Pa. 2002). *Enigwe* ultimately concluded, however, that ample case law from other circuits persuasively supported the same result for first habeas petitions, and that Mr. Enigwe's *Apprendi* argument was barred. *Id.* at 431 (citing *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir.2001); *United States v. Moss,* 252 F.3d 993, 997 (8th Cir.2001); *United States v. Sanders,* 247 F.3d 139, 147 (4th Cir.2001); *Jones v. Smith,* 231 F.3d 1227, 1236 (9th Cir.2000)).

■ Even if Mr. Abuhouran were able to overcome the retroactivity obstacle, extensive Third Circuit precedent interpreting the substantive holding of *Apprendi* forecloses his current argument. The Circuit has consistently held that *Apprendi* concerns are not implicated unless the sentence imposed on the defendant exceeds the maximum statutory penalty.[4] *See, e.g., United States v. Sau Hung Yeung,* 241 F.3d 321, 327 n. 3 (3d Cir.2001); *United States v. Williams,* 235 F.3d 858, 863 (3d Cir.2000); *United States v. Mack,* 229 F.3d 226, 235 n. 12 (3d Cir.2000); *United States*

*v. Cepero,* 224 F.3d 256, 267 n. 5 (3d Cir. 2000) (en banc). In this case, the maximum statutory penalty for each count of money laundering was 20 years, or 240 months. 18 U.S.C. § 1956(a)(1). Because the sentence actually imposed, 188 months, is well under the statutory maximum, *Apprendi* has no effect on these facts.

## Point 5

Finally, Mr. Abuhouran asserts that "[t]he grand jury that returned the indictment was impaneled for over 40 months in violation of Fed.R.Crim.P. 6(g)." Rule 6(g) provides that a grand jury may generally not serve for longer than 18 months, unless an extension of no more than 6 months is granted.

Without reaching the merits of the claim, this court must dismiss the motion containing point 5 as untimely. As noted at the onset of this opinion, point 5 was the last issue raised in a series of submissions filed with this court. It was included in a motion filed May 4, 2001, and sent by Mr. Abuhouran on May 1, 2001. As already discussed in this opinion, absent certain conditions (not alleged here), a § 2255 submission must be filed within one year of

---

**3.** By order dated December 28, 2000 (Docket # 440), I permitted Mr. Abuhouran to "supplement" his initial filing with the *Apprendi* argument. Therefore, this court treats the supplemental motion as part of Mr. Abuhouran's first habeas petition.

**4.** Indeed, the excerpt from *Apprendi* quoted in the text *supra* might be read to preordain this conclusion, unaided by the Third Circuit's subsequent applications. However, *Apprendi* itself arose in the context of a state conviction. In applying the holding to the context of federal crimes and the strictures of the sentencing guidelines, one might argue (and some have argued) that a different result is justified. Other language in the Supreme Court's opinion may be thought to lend support to the proposition that upward departures made pursuant to the sentencing guide-

lines necessitate a jury's endorsement, even if the ultimate sentence does not exceed the statutory maximum: " '[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.' " *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 (quoting *Jones v. United States,* 526 U.S. 227, 252–53, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)). One district court accepted the argument that *Apprendi* applied to an upward departure under the sentencing guidelines, *United States v. Norris,* 128 F.Supp.2d 739 (E.D.N.Y.2001), but the holding was reversed on appeal, despite the appellate court's characterization of the holding as "bold and thoughtful," 281 F.3d 357, 359–60 (2d Cir.2002).

the date upon which the prisoner's conviction became final. Mr. Abuhouran's conviction became final on April 19, 1999, so his motion raising point 5 was submitted more than two years after his conviction achieved "final" status. This court must treat the May 2001 submission as a "second or successive motion" that must be certified by the Third Circuit before this court may reach its merits.[5]

## Conclusion

This court finds Mr. Abuhouran's five challenges to his sentence to be unavailing, and therefore, in an order accompanying this opinion, petitioner's various § 2255 motions are denied.

## ORDER

For the reasons stated in the accompanying opinion, it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Angell (Docket # 433) is APPROVED AND ADOPTED.

2. The Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket # 428) is DENIED.

3. The Motion to Dismiss Indictment and/or Motion to Amend Motion to Vacate Sentence (Docket # 437) is DENIED.

4. The Motion for Leave to Amend § 2255 Motion (Docket # 441) is DENIED.

---

**5.** In its submission to this court, the government argues that Mr. Abuhouran's fifth point is meritless, in addition to being procedurally deficient: "The grand jury which returned the indictment on October 3, 1995 was empaneled on September 23, 1994, and had served fewer than 13 months at the time the indictment was returned.... Houran's confusion may stem from the fact that the government's investigation began in December 1991, while the indictment was not returned until October 1995, and he does not appreciate the procedure in which long-term matters heard by an expired grand jury are resubmitted to a new grand jury."