**UNITED STATES of America,**
**Appellee,**

v.

**Samuel O. WHITE, Defendant,**

**Luis Noel Cruz a/k/a Danny Cruz,**
**Defendant–Appellant.**

No. 02–1284.

United States Court of Appeals,
Second Circuit.

March 12, 2003.

Brian M. Melber, Personius Melber LLP (Rodney O. Personius, on the brief), Buffalo, New York, for Appellant.

Thomas S. Duskiewicz, Assistant United States Attorney, for Michael A. Battle, United States Attorney, Western District of New York, Buffalo, New York, for Appellee.

PRESENT: CALABRESI, SACK, and CUDAHY,* Circuit Judges.

* The Honorable Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

---

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 12th day of March, two thousand and three.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the sentence of the district court is hereby AFFIRMED.

This case returns to us after Defendant–Appellant Luis Noel Cruz was resentenced in accordance with our decision in *United States v. White,* 240 F.3d 127 (2d Cir.2001). As fully described in our opinion in *White,* Cruz was convicted following a trial on several counts involving the sale of cocaine and cocaine base. The jury considered evidence of three alleged drug transactions but was not asked to determine the quantity of drugs that was assertedly involved in each transaction, such amounts having been stipulated to by the parties. Based on testimony taken at an evidentiary hearing before sentencing, the district court concluded that the quantity of drugs that was part of the "relevant conduct"[1] far exceeded the stipulated amount.

---

1. Such conduct is used under United States Sentencing Guidelines § 1B1.3 to determine a defendant's base offense level.

The uncharged relevant conduct found by the sentencing judge would have resulted in a sentence of life imprisonment, a term in excess of the maximum allowed by statute for any of the charged offenses. In such a situation, the Sentencing Guidelines provide that the sentence for one or more counts will run consecutively to that for the count carrying the highest statutory maximum. U.S.S.G. § 5G1.2(d). Deciding, based on its findings, that there was "no leeway" to impose a lesser sentence, the district court imposed the statutory maximum for each count with the sentences to run consecutively, yielding a total term of imprisonment of 240 years.

On appeal, we observed two grounds that might support a downward departure in Cruz's case. *White*, 240 F.3d at 136–38. First, a departure from the "stacking provisions" of § 5G1.2(d) may be granted if "the sentencing judge finds that the case presents an aggravating or mitigating circumstance, of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission." *United States v. Rahman*, 189 F.3d 88, 156 (2d Cir.1999) (*per curiam*) (internal quotation marks omitted). And more generally, a downward departure is appropriate "where findings as to uncharged relevant conduct made by the sentencing court based on a preponderance of the evidence substantially increase the defendant's sentence under the Sentencing Guidelines." *White*, 240 F.3d at 137 (citing *United States v. Cordoba–Murgas*, 233 F.3d 704, 709 (2d Cir. 2000); *United States v. Gigante*, 94 F.3d 53, 56 (2d Cir.1996)). We vacated Cruz's sentence and remanded for resentencing, finding, *inter alia*, that the district court's comment that it had "no leeway" in choosing a sentence left it uncertain whether the

court appreciated its authority to depart on either of these bases. *White*, 240 F.3d at 137–38.

On remand, the district court stated that it had "a high degree of confidence in its relevant conduct findings" and that it had taken "a very conservative approach to determining the amount of relevant conduct." [A 878] It concluded that a downward departure based on the substantial increase in Cruz's sentence owing to the uncharged conduct was, therefore, not warranted. But the district court did depart from the guideline range on the ground that the counts of conviction all related to cocaine base distribution over a three-week period, a situation in which consecutive sentencing would create "an aggravating or mitigating circumstance" justifying departure. The sentencing judge decided to impose concurrent sentences, and ultimately sentenced Cruz at the bottom of the Guidelines range, 30 years' imprisonment.[2]

In the instant appeal, Cruz argues that the district court should have departed downward based on the magnitude of the sentence enhancement due to the relevant conduct finding. Ordinarily, a judge's decision not to depart from the Sentencing Guidelines is not appealable. *See United States v. Brown*, 98 F.3d 690, 692 (2d Cir.1996) (*per curiam*). Cruz claims that in this particular circumstance, however, in which the court found that Cruz's sentence was substantially increased as a result of the uncharged relevant conduct, departure is mandatory.

In support, Cruz seizes on language in *United States v. Norris*, 281 F.3d 357 (2d Cir.2002). In the course of rejecting a defendant's argument that a standard of

**2.** In doing so, the court also took into account the fact that we had vacated Cruz's conviction on two counts that were lesser included offenses of other counts of conviction. *See White*, 240 F.3d at 133.

proof greater than a preponderance should be required to support sentence enhancements, the panel in *Norris* noted that the sentencing judge had the authority to depart downward and stated that " 'where a higher standard, appropriate to a substantially enhanced sentence range is not met, the court *should* depart downwardly.' " *Id.* at 362 (emphasis added) (quoting *Gigante*, 94 F.3d at 56). Cruz argues that "should" means "must," and that *Norris* and *Gigante* meant to strip district courts of their usual discretion not to depart, when only a bare preponderance of the evidence supports facts justifying a substantial enhancement. But, assuming arguendo that Cruz's position is correct, a downward departure would still not be required in this case, because the district judge found that "[t]he evidence of defendant's relevant conduct was sufficient to meet the higher standard of proof of clear and convincing evidence."

There is no question that the district court understood, at resentencing, its authority to depart on this ground. Since none of the other exceptions to the rule that refusals to depart downward are not appealable is present, we dismiss this portion of Cruz's appeal.[3] *See Brown*, 98 F.3d at 692.

Cruz also raises, "for purposes of preserving the record," a claim that the amount of drugs that he transacted was never determined by a jury, in violation of *United States v. Thomas*, 274 F.3d 655 (2d Cir.2001) (*en banc*); *see also United States v. Doe*, 297 F.3d 76, 81–85 (2d Cir. 2002). We have already passed on this argument in Cruz's original appeal, decided before *Thomas* and *Doe*. *See White*, 240

F.3d at 134. And the conclusion we reached was not called into question by those cases. In Cruz's first appeal we wrote:

> In the case at hand, we need not consider whether drug quantity must be found by a jury in order to allow a court to sentence a defendant under any provision other than 841(b)(1)(C). At trial, the parties entered stipulations regarding the type and quantity of drugs involved in the three charged transactions. Even if we consider the quantity of drugs involved in [these] transactions to be inconsequential, as did the district court, the parties still stipulated that the September 9, 1998 transaction involved 20.249 grams of cocaine base, well over the 5 gram minimum required for sentencing under section 841(b)(1)(B). Because Mr. Cruz entered into this stipulation, and because he did not object to the failure of the district court to include drug quantity as an element of the offense in its charge to the jury, any error was harmless.

*Id.* (citations and footnote omitted). This holding constitutes the law of the case, and we decline, in our discretion, to revisit the matter. *See United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir.2000) (We depart from the sound policy of adherence to decisions we have made at earlier stages of litigation only when presented with "cogent" or "compelling" reasons to do so, such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

We have considered all of Appellant's arguments and find them meritless. We

---

**3.** Cruz has also asked that, if we remand for resentencing, we include an instruction to the district court that it should consider Cruz's motion for a downward departure for acceptance of responsibility. As Cruz acknowledges, the requested departure would have no effect on the applicable sentencing range absent further departure on other grounds. Since we find no basis for remand on those other grounds, this issue is moot.

therefore DISMISS the appeal of the district court's refusal to depart from the Sentencing Guidelines and otherwise AFFIRM the sentence imposed by the district court.