13-3040-cr
*United States v. Lobacz*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand fifteen.

PRESENT:   RALPH K. WINTER,
           DEBRA ANN LIVINGSTON,
           DENNY CHIN,

                   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

           *Appellee*,

           v.                                          No. 13-3040-cr

FRANK LOBACZ,

           *Defendant-Appellant*.

_____

FOR APPELLEE:          MICHAEL P. CANTY (Jo Ann M. Navickas, *on the brief*),
                       Assistant United States Attorneys, *for* Loretta E. Lynch,
                       United States Attorney for the Eastern District of New
                       York, Brooklyn, NY.

FOR APPELLANT:         JOHN F. KALEY, Doar Rieck Kaley & Mack, New York,
                       NY.

_____

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Frank Lobacz ("Lobacz") appeals his conviction on charges of health care fraud conspiracy, in violation of 18 U.S.C. § 1349; health care fraud, in violation of 18 U.S.C. § 1347; filing a false Annual Return/Report of Employee Benefit Plan for 2002 (the "Form 5500"), in violation of 26 U.S.C. § 7206(1); and three counts of filing fraudulent federal income tax returns for the years 2000, 2001, and 2002, respectively, in violation of 26 U.S.C. § 7201. Lobacz also appeals his sentence on procedural grounds. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Lobacz's primary argument on appeal is that his trial counsel's decision not to move to sever the health care fraud counts from the tax evasion counts constituted *per se* ineffective assistance of counsel. "When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus . . . ; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). "[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). This Court's general policy favors determination of ineffective-assistance claims in the context of a habeas corpus proceeding rather than a remand or on appeal, and Lobacz has offered no compelling reason for us to deviate from our usual practice in this case. *See United States v. Doe*, 365 F.3d 150, 154-55 (2d Cir. 2004) (explaining that habeas corpus

proceedings, as opposed to remand, are generally a superior way to address ineffectiveness claims). We thus dismiss Lobacz's ineffective-assistance claim without prejudice to the filing, in due course, of a petition for relief under 28 U.S.C. § 2255.

Lobacz also argues on appeal that the evidence at trial was insufficient to establish the mens rea element of the Form 5500 offense: that his failure to report his pension fund withdrawals on the Form 5500 was knowing and willful. "A defendant challenging a conviction based on a claim of insufficiency of the evidence bears a heavy burden. The evidence presented at trial should be viewed in the light most favorable to the government." *United States v. Bruno*, 383 F.3d 65, 82 (2d Cir. 2004) (alterations omitted). "We defer to the jury's determination of the weight of the evidence and the credibility of the witnesses . . . . Accordingly, we will not disturb a conviction on grounds of legal insufficiency of the evidence at trial if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . ." *Id.*

In this case, the government entered into evidence the Plan Document covering the pension plan in question, which clearly indicates that using fund assets for one's own interest, deriving personal benefits from one's position as trustee of the fund, and borrowing money from the fund, all constitute prohibited transactions. Lobacz, who signed the Plan Document, had a fiduciary responsibility to review it and be familiar with it in his capacity as plan administrator and trustee. Based on this evidence, and drawing all reasonable inferences in favor of the government, the jury was entitled to conclude that Lobacz knew his sizable withdrawals from the pension fund were "prohibited transactions" that, as the Plan Document also provided, were required to be disclosed for tax purposes. *See* Gov't App. at 115 ("[A]ny transaction that is otherwise prohibited by this Section may be engaged in if . . . such transaction is reported as such to the IRS and the transaction is reversed."). And Lobacz signed the IRS Form 5500 for 2002— which was obviously, on its face, missing any reference to his $645,000 withdrawals—swearing,

3

under penalty of perjury, that he had reviewed it and that its representations were true. As the government points out, the jury was not required to credit Lobacz's protestations that, despite being a sophisticated investor, he was ignorant of the meaning of "nonexempt transaction." The jury was instead entitled to conclude that Lobacz knowingly and willfully failed to report the prohibited transactions in which he engaged. Lobacz's sufficiency claim is thus without merit.

Finally, Lobacz challenges his sentence, arguing primarily that the district court erred procedurally by applying a two-level enhancement for failure to report income from criminal activity. When reviewing a sentence for reasonableness, we apply a deferential, abuse-of-discretion standard. *United States v. Cramer*, 777 F.3d 597, 600 (2d Cir. 2015). A district court commits procedural error where, *inter alia*, it fails to calculate or improperly calculates the Sentencing Guidelines range. *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). "However, where we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing."[1] *Cramer*, 777 F.3d at 601 (brackets and internal quotation mark omitted).

The enhancement that Lobacz challenges is provided for in § 2T1.1(b)(1) of the United States Sentencing Guidelines: "If the defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity, increase by 2 levels." "Criminal activity" is defined by the Application Notes to mean "any conduct constituting a criminal offense under federal, state, local, or foreign law." *Id.* § 2T1.1 cmt. 4. The district court imposed

---

[1] This principle suffices to dispose of Lobacz's claim that the district court erred by including his improper withdrawals from the pension fund in its calculation of the "tax loss" caused by his actions. With or without the pension fund amounts, Lobacz's "tax loss" total would have fallen in the same $2.5 million to $7 million range, yielding precisely the same base offense level, regardless. U.S.S.G. § 2T4.1 (Tax Table). The district court noted as much at sentencing. The record thus clearly indicates that the district court "would have imposed the same sentence in any event," and that any error in calculating the amount of tax loss was harmless. *Cramer*, 777 F.3d at 601.

4

the enhancement because Lobacz "didn't report the option income. Moreover, he didn't report the withdrawals from the pension fund, which is a taxable event. So . . . under the failure to report portion of [§ 2T1.1(b)(1)], . . . the two-level enhancement is appropriate." Gov't App. at 208-09.

The district court erred in relying on Lobacz's option income to impose the enhancement, because Lobacz's income from option trading was not "income . . . from criminal activity." Lobacz's option trading was perfectly legal – he only crossed over into unlawful territory when he failed to report the income from that trading on his tax returns. Nonetheless, the district court's error in considering Lobacz's option income was harmless, because the district court had a second, proper ground for imposing the enhancement: that Lobacz failed to report the source of income he improperly withdrew from the pension plan. 18 U.S.C. § 664 makes it a felony to "embezzle[], steal[], or unlawfully and willfully abstract[] or convert[] to [one's] own use . . . any of the moneys . . . of any employee . . . pension benefit plan, or of any fund connected therewith." The evidence adduced at trial proved to a preponderance that Lobacz, at the very least, unlawfully and willfully converted to his own use the moneys of an employee pension plan. *See United States v. Norris*, 281 F.3d 357, 359 (2d Cir. 2002) ("[T]he applicable standard of proof for enhancements is preponderance of the evidence."). Thus, the district court properly imposed the § 2T1.1(b)(1) enhancement for failure to report income from criminal activity, because Lobacz "failed to report . . . the source of income exceeding $10,000 in any year from criminal activity" – namely, his conversion of the funds of an employee benefit plan to his personal use. Lobacz's challenge to his sentence therefore fails.

We have considered all of the remaining arguments raised by Defendant-Appellant and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's July 29, 2013 judgment.

                                                            FOR THE COURT:
                                                            Catherine O'Hagan Wolfe, Clerk