12-4224-cr
United States v. Fusco

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand fourteen.

PRESENT:  CHESTER J. STRAUB,
                ROBERT D. SACK,
                RAYMOND J. LOHIER, JR.,
                     *Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

                   *Appellee,*

             v.                            No. 12-4224-cr

EMILIO FUSCO,

                *Defendant-Appellant.*[*]

-------------------------------------------------------------------

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

FOR APPELLANT:     STEPHEN N. PREZIOSI, New York, NY.

FOR APPELLEE:     DANIEL S. GOLDMAN, Assistant United States Attorney (Negar Tekeei and Justin Anderson, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Emilio Fusco appeals from the District Court's judgment of conviction entered on October 18, 2012. Following his extradition from Italy and a jury trial, Fusco was convicted of a racketeering conspiracy in violation of 18 U.S.C. § 1962(d), an extortion conspiracy in violation of 18 U.S.C. § 1951, and interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952. The jury acquitted Fusco of a substantive Racketeer Influenced and Corrupt Organizations Act ("RICO") charge, finding that the Government had not proven his guilt with respect to the predicate acts of murder and conspiracy to murder Adolfo Bruno and Gary Westerman or extortion and conspiracy to extort James Santaniello. The jury also acquitted Fusco of extortion. The District Court sentenced Fusco principally to 300 months' imprisonment, relying in part on its finding by a preponderance of the evidence that Fusco participated in the conspiracies to murder Bruno and Westerman.

On appeal, Fusco argues that (1) his prosecution and sentencing violated the Extradition Treaty between the Government of the United States and the Government of the Italian Republic ("Extradition Treaty") and the rule of

2

specialty, (2) the District Court improperly considered acquitted conduct in determining his sentence, (3) the District Court constructively amended the indictment, (4) the evidence was insufficient for a conviction, (5) the indictment was multiplicitous, and (6) trial counsel was constitutionally ineffective.  We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Fusco argues that he was prosecuted and sentenced for the crime of homicide, a crime punishable by death, in violation of the Extradition Treaty as well as the rule of specialty.[1]  See generally United States v. Baez, 349 F.3d 90, 92 (2d Cir. 2003) ("Based on international comity, the principle of speciality generally requires a country seeking extradition to adhere to any limitations placed on prosecution by the surrendering country.").  We reject his argument because, as the indictment and judgment make clear, Fusco was neither prosecuted nor sentenced for the crime of homicide.  Instead, as the Italian Supreme Court of Cassation explained, "[Fusco's] participation in homicides [was] placed under such a heading solely as a manifestation of racketeering activity committed by Fusco in his role as co-conspirator."  Moreover, the District Court sentenced Fusco for the racketeering charge with the murders as predicate acts, not for the separate crimes of homicide.  See Witte v. United States, 515 U.S. 389, 399 (1995) (holding, in double jeopardy context, that the "use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that

---

[1]  We need not resolve whether Fusco has prudential standing to challenge his prosecution and sentencing on the grounds that they violate the terms of the Extradition Treaty or the rule of specialty, because his argument plainly fails on the merits.  See United States v. Cuevas, 496 F.3d 256, 262 (2d Cir. 2007).

conduct"). Accordingly, we conclude that Fusco's prosecution and sentencing did not violate the Extradition Treaty or the rule of specialty.

Nor did the District Court's consideration of the murders at sentencing violate the requirement that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The District Court's judicial factfinding with respect to the murders did not increase the prescribed 45-year statutory maximum for the convicted crimes, and therefore does not implicate Apprendi or its progeny. See United States v. Norris, 281 F.3d 357, 359 (2d Cir. 2002).

Fusco also argues that the District Court constructively amended the indictment with respect to count five—interstate travel in aid of racketeering—by including jury instructions related to 18 U.S.C. § 1952(a)(2), a subsection not included in the indictment, in addition to instructions related to § 1952(a)(1) and § 1952(a)(3), which were included in the indictment. "To prevail on a constructive amendment claim, a defendant must demonstrate that . . . there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." United States v. D'Amelio, 683 F.3d 412, 416 (2d Cir. 2012) (quotation marks omitted). The evidence at trial supported Fusco's interstate travel conviction based on § 1952(a)(1) or § 1952(a)(3), intent to distribute the proceeds of or to promote, manage, establish, carry on and facilitate gambling and extortion. By contrast, as shown by Fusco's acquittal of the substantive RICO charge and its predicate murder acts, the evidence did not support a conviction based on § 1952(a)(2), intent to commit a crime of violence. Accordingly, Fusco has failed to demonstrate a "substantial

4

likelihood" that the jury relied on § 1952(a)(2) rather than § 1952(a)(1) or § 1952(a)(3) in convicting him of interstate travel in aid of racketeering.

We also reject Fusco's contention that the evidence was insufficient to convict him of interstate travel in aid of racketeering. "A defendant bears a heavy burden in seeking to overturn a conviction on grounds that the evidence was insufficient." United States v. Cruz, 363 F.3d 187, 197 (2d Cir. 2004). Viewing the evidence in the light most favorable to the Government, a rational juror could have concluded from the testimony of Anthony Arillota, a cooperating witness who described the extortion conspiracy, that Fusco engaged in interstate travel between Massachusetts and New York in aid of racketeering.

Fusco's argument that the RICO conspiracy and the interstate travel in aid of racketeering counts are multiplicitous is also meritless. Although the former count includes interstate travel in aid of racketeering as a predicate act, "the law permits a defendant to be prosecuted—either simultaneously or at separate times—for both substantive racketeering and the predicate crimes evidencing the pattern of racketeering." United States v. Basciano, 599 F.3d 184, 205 (2d Cir. 2010).

Finally, Fusco argues that his trial counsel was constitutionally ineffective for not raising the extradition, constructive amendment, and multiplicity arguments before the District Court. We have "entertained ineffective assistance claims for the first time on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice." United States v. Khedr, 343 F.3d 96, 100 (2d Cir. 2003) (quotation marks omitted). Because the arguments identified by Fusco are meritless, it is "beyond any doubt" that Fusco's trial counsel was not constitutionally ineffective for failing to raise them. United States v. Regalado, 518 F.3d 143, 149 n.3 (2d Cir. 2008).

5

We have considered Fusco's remaining arguments and conclude that they are without merit or abandoned.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court