23-6534-cr
United States v. Fusco

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-four.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 23-6534-cr

ARTHUR NIGRO, AKA ARTIE, AKA THE SHORT GUY, AKA THE LITTLE GUY, ANTHONY ARILLOTTA, AKA BINGY, STEVE ALFISI, AKA DD, MARCOS CAIO, AKA MARK, JAMES COUMOUTSOS, GEORGE COUMOUTSOS, FOTIOS GEAS, FELIX TRANGHESE, TY GEAS,

1

JOHN BOLOGNA,

*Defendants,*

EMILIO FUSCO,

*Defendant-Appellant.*
------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLEE: | JEFFREY W. COYLE, Assistant United States Attorney (James Ligtenberg, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY |
| FOR DEFENDANT-APPELLANT: | ROBERT P. PREUSS (Camille M. Abate *on the brief*), Abate & Preuss, New York, NY |

Appeal from an order of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant-Appellant Emilio Fusco appeals from a May 11, 2023 order of the United States District Court for the Southern District of New York (Castel, *J.*) denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  On appeal, Fusco argues that the District Court abused its

discretion in denying his motion. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2012 Fusco was convicted of a racketeering conspiracy in violation of 18 U.S.C. § 1962(d), an extortion conspiracy in violation of 18 U.S.C. § 1951, and interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952. The District Court sentenced Fusco principally to 300 months' imprisonment. We affirmed Fusco's conviction on direct appeal. *See United States v. Fusco*, 560 F. App'x 43, 45 (2d Cir. 2014).

We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "A district court has broad discretion when considering a motion for compassionate release" and abuses its discretion only "if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *Id.* (quotation marks omitted).

To reduce a defendant's term of imprisonment under § 3582(c)(1)(A)(i), a district court must find that "extraordinary and compelling reasons warrant such

3

a reduction." *Id.* at 568 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Even when such reasons exist, a district court "must also consider the factors set forth in section 3553(a) to the extent that they are applicable before it can reduce the defendant's sentence." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (quotation marks omitted). A district court's reasonable evaluation of the § 3553(a) factors is thus an "alternative and independent basis for denial of compassionate release." *Id.* (quotation marks omitted).

Fusco argues that the District Court "based its decision on [] an erroneous view of the law and erroneous assessment of the evidence." Appellant's Br. 18. He also contends that it was an abuse of discretion for the District Court to conclude that the § 3553(a) sentencing factors weighed against his release. We are not persuaded.

Here, the District Court did not abuse its discretion in determining that the § 3553(a) factors weighed against a sentence reduction. The District Court found that the seriousness of Fusco's offense, general deterrence, and the need to protect the public weighed against granting Fusco's motion. Fusco challenges the weight that the District Court assigned to these factors. But the weight to be afforded any § 3553(a) factor "is a matter firmly committed to the discretion of

4

the sentencing judge." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (quotation marks omitted). Accordingly, the District Court did not abuse its discretion in denying Fusco's compassionate release motion. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (holding that a district court may deny a defendant's compassionate release motion solely based on the § 3553(a) factors). Because the District Court's evaluation of the § 3553(a) factors provides an "alternative and independent basis" for denial of Fusco's compassionate release motion, we affirm on that basis alone. *Jones*, 17 F.4th at 374.

We have considered Fusco's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court